## MARX v. BROWN.

Court of Appeals of District of Columbia. Submitted March 17, 1927. Decided April 4, 1927.

No. 1935.

1. Patents ⊜91(4)—Junior party to interference proceeding held entitled to priority in shoe patent.

Junior party to interference proceeding *held* entitled to priority in invention of shoe, with means interposed between insole and wearing sole for forming a thickened area, corresponding with the location of the metatarsal arch of the foot.

2. Patents ⊜113(1)—Jurisdiction to determine priority in interference proceeding held not defeated by possibility that party entitled to priority might not be entitled to patent.

Court *held* not without jurisdiction to determine right to priority in interference proceeding, though party entitled to priority might be barred from obtaining patent by prior public use.

Appeal from Commissioner of Patents.

Interference proceeding between Frederick P. Marx and Charles H. Brown. From a decision awarding priority to the latter, the former appeals. Affirmed.

J. D. Rippey and L. C. Kingsland, both of St. Louis, Mo., for appellant.

D. L. Morris, of New York City, and D. U. Rich, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents in an interference proceeding, affirming the decision of the Examiners in Chief and awarding priority of invention to the party Brown; the Examiner of Interferences having awarded priority to Marx.

[1] The invention is simple and involves a very slight improvement over the prior art. Claim 1 is sufficiently illustrative and reads as follows:

"1. A shoe as characterized comprising an

insole, a wearing sole, means interposed between said insole and wearing sole for forming a thickened area corresponding with the location of the metatarsal arch of the human foot when wearing said shoe, and a shank iron interposed between the soles, the forward edge of said shank iron being rigidly held by and forming a part of said means."

The gist of the invention resides in "means interposed between said insole and wearing sole for forming a thickened area corresponding with the location of the metatarsal arch of the human foot when wearing said shoe." The Examiners in Chief found that an earlier patent of Brown disclosed this invention, and that, as this patent antedated the earliest date claimed by Marx, Brown was the prior inventor. The Commissioner, after an analysis of the evidence, concurred in the views of the board and awarded priority to Brown.

An examination of the record convinces us that the Commissioner was fully justified in holding that the claims of the issue read on Brown's prior patent. The board found that the invention was made by Brown before Marx entered the field and was publicly used more than two years before the filing date of either party. The board, therefore, in a separate letter, directed "the attention of the Commissioner to this apparent statutory bar to the grant of a patent." In his opinion the Commissioner said: "The Examiners in Chief called the attention of the Commissioner to the fact that apparently a bar of public use had been established to the allowance of the claims in issue to either party. This question will be considered by the primary examiner after the termination of the interference. The decision of the Examiners in Chief is affirmed, and priority of invention is awarded to Chas. H. Brown, the junior party."

[2] Appellee suggests that in such a situation we have no jurisdiction to determine the issue of priority. We think he is wrong. Where an interference involves a common invention, as to which each party claims priority, the issue of priority is involved and should be determined. Whether the successful party subsequently receives a patent is of no concern to the defeated party, he having been eliminated from the case. The Commissioner of Patents, as we heretofore have observed, represents the public, of which the defeated party is a member, and nothing more. See Burson v. Vogel, 29 App. D. C. 388; Norling v. Hayes, 37 App. D. C. 169; Gammeter v. Thropp, 42 App. D. C. 564, 569; Slingluff v. Sweet, 45 App. D. C. 302, 303.

The decision is affirmed.

Affirmed.