**UNITED STATES ex rel. MISHAWAKA RUBBER & WOOLEN MFG. CO. v. ROBERTSON, Commissioner of Patents.**

Court of Appeals of District of Columbia.

Submitted October 1, 1928. Decided November 5, 1928.

No. 4722.

Edward W. Shepard, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District dismissing appellant's petition for a writ of mandamus to compel appellee, the Commissioner of Patents, to notify one of the parties to a three-party interference proceeding, whose application was filed prior to the application of appellant but subsequent to the application of the senior party, that judgment on the record would be rendered against him unless he should show cause why such action should not be taken.

The parties to the interference proceeding are Blair, whose application was filed De-

cember 22, 1924 (which has been assigned to appellant); Sundback, whose application was filed August 22, 1924; and Prentice, whose application was filed April 28, 1924.

In his preliminary statement, Sundback alleged a date of conception prior to the filing date of Prentice, but his dates of description and disclosure were subsequent to such filing date. Prentice evidently was content to permit the case to go to proof, since he filed no motion to invoke the provisions of Patent Office rule No. 114, which reads in part as follows: "If the junior party to an interference, or if any party thereto other than the senior party, fail to file a statement, or if his statement fail to overcome the prima facie case made by the respective dates of application, such party shall be notified by the examiner of interferences that judgment upon the record will be rendered against him at the expiration of thirty days, unless cause be shown why such action should not be taken." Appellant, although the junior party to the interference, filed such a motion as against Sundback. The Commissioner denied it, and mandamus proceedings were instituted in the court below.

■ Under rule 114, if the statement of the junior party to an interference fails to overcome the prima facie case made by the respective dates of application, it becomes the duty of the Examiner of Interferences to notify him to show cause within 30 days why judgment on the record should not be rendered against him. The purpose of this rule, obviously, is to expedite proceedings in the Patent Office by eliminating parties whose applications are clearly lacking in merit; but the application of the rule in a given case, if orderly procedure in the Patent Office is to be observed, is primarily for the determination of the Commissioner of Patents. If he errs and ultimately awards priority to the wrong party, the aggrieved party has his remedy by way of appeal. The writ of mandamus cannot be made to perform the function of an appeal or a writ of error. United States ex rel. Dwiggins v. Ewing, 43 App. D. C. 204; Briggs v. Commissioner of Patents, 48 App. D. C. 175.

■ Moreover, on the record, as observed by the Commissioner of Patents, "it is not perceived in what way Blair is prejudiced by not issuing an order to show cause against Sundback and rendering judgment against him, even if Blair's contention is right. Blair can not prevail unless he establishes priority over Prentice, the senior party, and it is not seen why he should be permitted to attempt at this time to have the party Sundback eliminated from the interference." See Prindle v. Brown, 24 App. D. C. 114, 118; Marx v. Brown, 57 App. D. C. 177, 18 F.(2d) 827.

Judgment is affirmed, with costs.

Affirmed.