**WIGTON v. COE, Commissioner of Patents.**

No. 5995.

Court of Appeals of the District of Columbia.

Argued Nov. 7, 1933.

Decided Dec. 4, 1933.

Rehearing Denied Dec. 26, 1933.

H. H. Snelling, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., Solicitor of the Patent Office, for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District in a mandamus proceeding (entered after hearing upon the petition, rule to show cause, answer, "and all other proceedings" therein) discharging the rule and dismissing the petition.

An interference was regularly declared in the Patent Office between two Wigton patents issued December 2, 1930, and an application of Derby and Cunningham. On May 21, 1931, the Examiner of Interferences in due course gave notice that he would award priority to Derby and Cunningham because of the earlier filing date of a Derby and Cunningham application, unless Wigton should show good cause within 45 days why such action should not be taken. Wigton filed no response to the rule to show cause within the time specified. Derby and Cunningham moved under Patent Office rule 109 to add additional counts, which motion was heard and denied by the Examiner of Interferences. An appeal taken to the Board of Appeals was argued on January 19, 1932. On January 23, 1932, Wigton moved to remand the case to the Examiner of Interferences to consider a motion to dissolve. This motion was denied. The Board of Appeals affirmed the decision of the Examiner of Interferences denying the Derby and Cunningham motions to add additional claims. On March 15, 1932, Wigton filed a paper entitled "Response to order to show cause" issued against him on May 21, 1931. Owing to the delay, the Examiner of Interferences refused to set the motion for hearing, and rendered decision against Wigton. Thereupon Wigton moved for reconsideration, and, in response to the motion, the Examiner of Interferences vacated the decision and set the motion for hearing. Derby and Cunningham in an appeal to the Commissioner invoked his supervisory authority.

The Commissioner exercised jurisdiction and reversed the decision of the Examiner of Interferences. On May 9, 1932, the Examiner of Interferences reinstated the decision against Wigton. Thereupon, on May 16, 1932, Wigton petitioned the Commissioner to instruct the Examiner of Interferences to comply with rule 122 "as now interpreted, and decide whether or not 'in the opinion of the examiner of interferences' the two affidavits * * * show a satisfactory reason for the delay in bringing the motion to shift the burden of proof." On May 21, 1932, the Commissioner denied the formal request for reference to the Examiner of Interferences.

Thereupon Wigton filed in the court below his petition for mandamus seeking an order directed to the Commissioner of Patents to compel him "to order the cancelation of so much of the decision of the Acting Commissioner (Kinnan) of February 13, 1932, as passed upon the question of the sufficiency of the affidavit explaining the delay; to order the cancelation of the decisions of the First Assistant Commissioner (Kinnan) of April 19, 1932, and May 3, 1932; to set for hearing by the examiner of interferences the motion to shift the burden of proof, filed March 15, 1932; and to instruct Hon. I. P. Disney, examiner of interferences, to decide whether or not in the opinion of the latter the two affidavits executed by Henry H. Snelling on January 23, 1932, and April 23, 1932, would form satisfactory reason for the delay in presenting the motion to shift, had there been no decision by the Acting Commissioner on this subject."

It is conceded that the actions of the Commissioner forming the basis of this suit "were doubtless within his supervisory authority before 1927." The contention is that the Act of March 2, 1927, c. 273, 44 Stat. 1335, inferentially deprived the Commissioner of such authority. That act changed procedure in the Patent Office, but contained no provision depriving the Commissioner of the supervisory authority theretofore exercised by him. When, therefore, that authority was invoked, the Commissioner was called upon to decide whether the act of 1927 deprived him of his supervisory authority. As was said in Riverside Oil Company v. Hitchcock, 190 U. S. 316, 324, 23 S. Ct. 698, 702, 47 L. Ed. 1074, "whether he decided right or wrong, is not the question. Having jurisdiction to decide at all, he had necessarily jurisdiction, and it was his duty to decide as he thought the law was, and the courts have no power whatever under those circumstances to review his determination by mandamus or injunction." The writ of manda-

416

mus can never be used as a substitute for a writ of error. Riverside Oil Company v. Hitchcock, 190 U. S. 316, 23 S. Ct. 698, 47 L. Ed. 1074; Interstate Commerce Commission v. U. S. ex rel. Members of Waste Merchants' Asso., 260 U. S. 32, 43 S. Ct. 6, 67 L. Ed. 112.

Judgment affirmed.

Affirmed.