## KINGSLAND v. CARTER CARBURETOR CORPORATION.

### No. 9574.

United States Court of Appeals
District of Columbia.

Argued April 7, 1948.

Decided May 25, 1948.

Messrs. W. W. Cochran, Solicitor, United States Patent Office, and E. L. Reynolds, U. S. Patent Office, both of Washington, D. C., for appellant.

Mr. Hugh M. Morris, of Wilmington, Del., with whom Messrs. Gilbert P. Ritter, of Washington, D. C., and George R. Ericson, of St. Louis, Mo., were on the brief, for appellee.

Mr. Winston Ellis Hobbs, of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK, and PRETTYMAN, Associate Justices.

EDGERTON, Associate Justice.

In a Patent Office interference proceeding between appellee's Coffey patent No. 2,085,351 and Hunt application No. 727,648, the primary examiner overlooked or ignored a prior decision of the District Court regarding Hunt's filing date and made Hunt the junior party. This subjected Hunt to the burden of proof. He moved to shift the burden of proof. The Examiner of Interferences did not set this motion for hearing before the primary examiner but dismissed it, without prejudice to Hunt's right to assert a filing date earlier than the one the primary examiner had fixed. Hunt filed a "Petition to the Commissioner" asking him to review and reverse the action of the Examiner of Interferences. An Assistant Commissioner thereupon ruled that Hunt "should be made the senior party, without consideration of his motion to shift the burden of proof." The Assistant Commissioner said: "Coffey was not a party to the proceeding in the District Court, and its decision is not res judicata as to him but, in accordance with the settled practice, the Patent Office will accept the Court's decision as correct, unless it is shown not to be so."

The question before us is not whether the action of the Assistant Commissioner was right but whether the Commissioner, and so the Assistant Commissioner, had authority to act at all. Patent Office Rule 122 [35 U.

S.C.A.Appendix,] provides that "motions to shift the burden of proof * * * will be heard and determined by the primary examiner." Patent Office Rule 124 provides that "No appeal will be permitted from a decision rendered on a motion brought under the provisions of" Rule 122. The District Court, in a suit brought by appellee, has directed the Commissioner to vacate the Assistant Commissioner's action as ultra vires, and the Commissioner appeals.

We think the court erred. Rule 124 does not apply, for neither the primary examiner nor the Assistant Commissioner rendered a decision on Hunt's motion to shift the burden of proof. Moreover, even if both had rendered decisions on that motion each would have been acting within his authority. The absence of a right of appeal to the Commissioner where Rule 124 applies does not mean that he cannot exercise his supervisory authority on request. Wigton v. Coe, 62 App.D.C. 367, 68 F.2d 414, certiorari denied, 291 U.S. 677, 54 S.Ct. 528, 78 L.Ed. 1065. The difference between the two processes is much like that between appeal and certiorari. The Patent Office Rules not only do not but could not limit the Commissioner's supervisory authority. For R.S. § 481, as amended, 35 U.S.C.A. § 6, provides that "The Commissioner of Patents, under the direction of the Secretary of Commerce, shall superintend or perform all duties respecting the granting and issuing of patents * * *." The Commissioner cannot abdicate this statutory duty of superintendence. It is therefore immaterial that he may establish regulations "not inconsistent with law" for the conduct of proceedings in the Patent Office. R.S. § 483, as amended, 35 U.S.C.A. § 6.

Reversed.

PRETTYMAN, Associate Justice, concurs in the result.