## INTERSTATE COMMERCE COMMISSION *v.* UNITED STATES EX REL. MEMBERS OF THE WASTE MERCHANTS ASSOCIATION OF NEW YORK.

### ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 245. Argued October 9, 10, 1922.—Decided October 23, 1922.

Mandamus will not lie to compel the Interstate Commerce Commission to set aside a decision upon the merits and to decide the matter in another, specified way. P. 34.

51 App. D. C. 136; 277 Fed. 538, reversed.

ERROR to a judgment of the Court of Appeals of the District of Columbia reversing a judgment of the Supreme Court of the District (which dismissed a petition for mandamus) and directing that mandamus issue.

*Mr. P. J. Farrell* for the Interstate Commerce Commission.

*Mr. P. H. Marshall,* with whom *Mr. Ernie Adamson* was on the brief, for defendants in error.

*Mr. Richard W. Barrett,* by leave of court, filed a brief as *amicus curiae.*

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

In March, 1919, the Waste Merchants Association of New York filed with the Interstate Commerce Commission a complaint under § 13 of the Act to Regulate Commerce, February 4, 1887, c. 104, 24 Stat. 379, 384, as amended. It alleged that existing tariffs on paper stock shipped in carload lots from New York Harbor imposed upon carriers the duty of loading cars; that the carriers had failed to perform this duty on shipments made by complainants' members; that these had been obliged to perform the service at their own expense; and that they were entitled, under § 15 of the act, to allowances therefor. The prayer was that the carriers be ordered to pay, by way of reparation, allowances for the loading service and also other damages for violation of law and that the carriers be ordered to observe the law in the future. The Director General of Railroads and one hundred and eighty-four transportation companies were made respondents; extensive hearings were had; the Commission filed a report embodying its findings of fact and conclusions; entered an order dismissing the complaint; and on August 7, 1920, overruled a petition for rehearing based on alleged errors in conclusions of fact and of law and newly discovered evidence. Then, on behalf of the Association members, this petition for a writ of mandamus was filed in the Supreme Court of the District of Columbia. It prayed that the Commission be directed to take jurisdiction of the claims, to allow damages and to fix the amount thereof. Upon a rule to show cause, objection was made to the jurisdiction of the court over the subject-matter; and the case was heard upon demurrer to the answer, which set up more fully the proceedings before the Commission. The Supreme Court of the District dismissed the petition on the ground that the relators, having par-

ticipated in and obtained benefits from the alleged violations of law, were not in a position to complain. Its judgment was reversed by the Court of Appeals of the District, on the ground that upon the facts found by the Commission complainants were clearly entitled to relief. The case was remanded with directions to issue the mandamus. 51 App. D. C. 136; 277 Fed. 538. It is here on writ of error.

We have no occasion to consider the merits of the controversy before the Commission. That it did not dismiss the complaint for lack of jurisdiction is clear. It heard the case fully. It found that the rates charged were not unreasonable or discriminatory in violation of the Commerce Act, nor unreasonable for the service actually performed, in violation of the Federal Control Act. It found that the conditions complained of were an incident of the World War; that the arrangement for loading was a voluntary one beneficial to complainants' members; that there was no provision in the tariffs for allowance to shippers who load cars; and that, therefore, such allowance could not legally be made by the carriers. The Commission dismissed the complaint because it held that the petitioners were not entitled to relief. *Waste Merchants Association* v. *Director General*, 57 I. C. C. 686.

Petitioners sought in the proceeding to set aside the adverse decision of the Commission on the merits and to compel a decision in their favor. The Court of Appeals granted the writ. This was error. Mandamus cannot be had to compel a particular exercise of judgment or discretion, *Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316; *Ness* v. *Fisher,* 223 U. S. 683; *Hall* v. *Payne,* 254 U. S. 343; or be used as a writ of error, *Commissioner of Patents* v. *Whiteley,* 4 Wall. 522. The case at bar is not like *Interstate Commerce Commission* v. *Humboldt S. S. Co.,* 224 U. S. 474, and *Louisville Cement Co.* v. *Interstate Commerce Commission,* 246 U. S. 638, where the Com-

mission had wrongly held that it did not have jurisdiction to adjudicate the controversy; nor is it like *Kansas City Southern Ry. Co.* v. *Interstate Commerce Commission,* 252 U. S. 178, where the Commission wrongly refused to perform a specific, peremptory duty prescribed by Congress.

Whether a judicial review can be had by some other form of proceeding, we need not enquire. Compare *Louisiana & Pine Bluff Ry. Co.* v. *United States,* 257 U. S. 114, 116; *Philadelphia & Reading Ry. Co.* v. *United States,* 240 U. S. 334, 336; *Procter & Gamble Co.* v. *United States,* 225 U. S. 282.

*Reversed.*