## UNITED STATES ex rel. KANSAS CITY SOUTHERN RY. CO. et al. v. INTER- STATE COMMERCE COMMISSION.*

(Court of Appeals of District of Columbia. Submitted February 3, 1925. Decided June 1, 1925.)

No. 4250.

1. Mandamus ⬤⇛4(1)—Action for mandamus cannot be used as substitute for an appeal or a writ of error.

Action for mandamus cannot be used as substitute for appeal or writ of error.

2. Mandamus ⬤⇛4(4)—Petition for mandamus to compel Interstate Commerce Commission to make valuation of railroad property held properly dismissed.

Where real relief sought by railroad, seeking to compel Interstate Commerce Commission to make valuation of its property pursuant to Interstate Commerce Act, § 19a (Comp. St. § 8591), was the setting aside of a prior valuation alleged to have been erroneously made, *held*, petition was dismissible under rule that action for mandamus cannot be used as substitute for appeal or writ of error.

Appeal from the Supreme Court of the District of Columbia.

Suit by the United States, on the relation of the Kansas City Southern Railway Company and others, against the Interstate Commerce Commission. From a decree of dismissal, relators appeal. Affirmed.

T. P. Littlepage and S. F. Taliaferro, both of Washington, D. C., and S. W. Moore, of New York City, for appellants.

P. J. Farrell, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellants, consisting of the constituent members of a certain interstate railway system, filed a pe-

*Certiorari denied 46 S. Ct. 26, 69 L. Ed. ——.

tition in the lower court for a writ of mandamus to require the Interstate Commerce Commission to investigate, ascertain, and report the value of all the property owned or used by appellants as common carriers, as provided by section 19a of the Interstate Commerce Act, commonly known as the Valuation Act (Comp. St. § 8591). The Commission filed a motion to dismiss the petition, in terms equal to a general demurrer thereto. The motion was sustained, the petition was dismissed, and this appeal was taken.

Under the Valuation Act it became the duty of the Commission to investigate, ascertain, and report in detail as to each piece of property, other than land, owned or used by each appellant for its purposes as a common carrier, its original cost to date, the cost of reproduction new, the cost of reproduction less depreciation, an analysis of the methods by which these several costs were obtained, and the reason for their differences, if any, and to ascertain and report separately other values, and elements of value, if any, of such property, an analysis of the methods of valuation employed, and the reasons for any differences between such values and the foregoing cost values; also to state in detail separately from improvements the original cost of all lands, rights of way, and terminals owned or used by each appellant for its purposes as a common carrier, as of the time when these were dedicated to public use, as well as their present value; also to report the property held for purposes other than those of a common carrier, the original cost and present value of the same, together with an analysis of the methods of valuation employed.

In section 15a of the Interstate Commerce Act (Comp. St. Ann. Supp. 1923, § 8583a), it is provided, among other things, that the Commission, in the exercise of its power to prescribe just and reasonable rates, shall establish and adjust such rates, so that carriers will earn an aggregate annual net railway operating income equal, as nearly as may be, to a fair return upon the aggregate value of the railway property of such carriers held for and used in the service of transportation; that for the purposes of said section such aggregate value of the property of the carriers shall be determined by the Commission from time to time and as often as may be necessary; that the Commission may utilize the results of its investigations under section 19a of the act, in so far as deemed by it available, and shall give due consideration to all elements of value recognized by the law of the land for rate-making purposes;

and that whenever, pursuant to section 19a of the act, the value of the railway property of any carrier held for and used in the service of transportation has been finally ascertained, the value so ascertained shall be deemed by the Commission to be the value thereof for the purpose of determining such aggregate value.

The Commission accordingly undertook to investigate, ascertain, and report the value of the properties owned and used by the appellants as common carriers, as required by section 19a. It heard testimony and arguments, and filed extended reports of its proceedings. The appellants, however, contend that the Commission failed to obey the mandate of the act in many particulars, among them the following, to wit: That it failed to ascertain and report the economic or exchange value of the common carrier property, but instead reported a so-called rate-making value thereof; that in so doing it wrongfully gave no weight to (a) the earning power of the property; (b) its productivity, as reflected by its earnings, past, present, and prospective; (c) its favorable location; (d) its present and prospective volume of tributary traffic; (e) its low operating costs; (f) good will, and other like considerations. The appellants also contend that the Commission failed and refused to comply with the command of the statute to state and report "an analysis of the methods of valuation employed," or to "ascertain and report separately other values, and elements of value, if any," or to report in detail, as to each piece of property, "the original cost to date," or "the value, as well as original cost and reproduction cost, of all the property used by the appellants."

Accordingly they prayed for a writ of mandamus, directing and requiring the Commission (a) to investigate, ascertain, and report the true, economic value of all said properties; (b) to state and report an analysis of the methods of valuation employed by it, and the rules and principles applied in determining the single-sum value thereof; (c) to ascertain and report separately other values and elements of value inhering in said properties; (d) to ascertain and report in detail as to each piece of property owned or used by appellants as common carriers the original cost to date; (e) to ascertain and report the original cost to date, the cost of reproduction new, the cost of reproduction less depreciation, and the value of appellants' right and interest in certain specified properties, to wit, the Kansas City Terminal Railway Company, Joplin Union Depot

Company, the St. Louis-San Francisco Railway between Belt Junction and Grandview, Mo., and the elevator property owned by the Kansas City Southern Elevator Company used by appellants as a grain depot.

The reports of the Commission are brought by reference into the record. They disclose that each of these objections, including the reference to properties alleged to have been omitted, was presented to the Commission by the appellants, and was fully investigated, considered, and passed upon by it. They state a single-sum value, as well as the value in detail, of the carrier properties. These, they report, were found "after consideration of all the facts submitted in this proceeding, and the cost valuation heretofore made, including the excess cost of carrier lands, appreciation, depreciation, going concern value, working capital, and materials and supplies, and all other matters which appear to have a bearing on the values here reported;" also that "the value of a railway system cannot be ascertained by the simple process of adding sums attributed to the many units of property, working capital, and a percentage conjecture as to a proper allowance for so-called intangible values. In the instant case original cost to the extent it is ascertainable as a fact, restated investment, reproduction new, and reproduction less depreciation are shown, and the present capitalization and the corporate history of the carriers are stated, and there is in addition an estimate by the carriers of the commercial or economic value of the property. These are checks, one upon the other. No one fact, cost study, estimate, or other factor, can be said to be necessarily controlling."

[1, 2] It is true that the Commission did not base its valuation upon the earning capacity of the carrier properties to the extent claimed by the appellants, nor upon the market value of their outstanding securities. Nevertheless it is manifest that the Commission fully assumed and exercised the authority or jurisdiction imposed upon it by the act, and that the real complaint of the appellants is, not that the Commission refused to consider the points in question, but that it considered them and thereupon decided them erroneously. The real relief sought by the appellants, accordingly, is that the valuation reported by the Commission be set aside, and other valuations ordered. This clearly brings the case within the well-established rule that the action of mandamus cannot be used as a substitute for an appeal, nor as a writ of error. The petition of the appellants in effect calls for such a review of

the proceedings of the Commission, in violation of the rule just stated. It was rightly dismissed. Interstate Commerce Commission v. Waste Merchants' Association, 260 U. S. 32, 43 S. Ct. 6, 67 L. Ed. 112; Riverside Oil Co. v. Hitchcock, 190 U. S. 316, 23 S. Ct. 698, 47 L. Ed. 1074; Ness v. Fisher, 223 U. S. 683, 23 S. Ct. 356, 56 L. Ed. 610; Hall v. Payne, 254 U. S. 343, 41 S. Ct. 131, 65 L. Ed. 295; Work v. U. S. ex rel. Rives, 45 S. Ct. 262, 69 L. Ed. —— (March 2, 1925); 26 Cyc. 177, notes.

Accordingly, without passing upon the merits of the controversy before the Commission, we affirm the judgment of the lower court, with costs.