**UNITED STATES ex rel. SEARL v. ROBERTSON, Commissioner of Patents.**

Court of Appeals of District of Columbia.

Submitted March 8, 1927. Decided April 4, 1927.

No. 4551.

1. Mandamus ⊙�death86—Mandamus. is not appropriate remedy to compel Commissioner of Patents to fix time for taking rebuttal testimony in interference proceeding.

Mandamus will not lie to compel Commissioner of Patents to fix time for taking so-called rebuttal testimony in interference proceeding, there being an adequate remedy by appeal.

2. Mandamus ⊙➔3(1), 4(1)—Mandamus cannot be used to perform office of appeal or writ of error, and is inappropriate whenever there is another adequate remedy.

Mandamus cannot be used to perform the office of an appeal or a writ of error, and will not be granted in any case where there is another adequate remedy.

Appeal from Supreme Court of District of Columbia.

Mandamus by the United States, on the relation of Clinton M. Searl, against Thomas E. Robertson, Commissioner of Patents. Judgment for defendant, and plaintiff appeals. Affirmed.

M. H. Beach, of Washington, D. C., and H. A. Toulmin and H. A. Toulmin, Jr., both of Dayton, Ohio, for appellant.

T. A. Hostetler, of Washington, D. C., and A. D. Salinger, of Boston, Mass., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. This is an appeal from a judgment in the Supreme Court of the District, denying appellant's petition for a writ of mandamus to compel the Commissioner of 'Patents to fix a time for the taking of so-called rebuttal testimony in two interference proceedings (Searl v. Thomas, No. 49,507, and Iredale v. Searl and Lucas, No. 51,762), the case having been heard on the pleadings.

[1] In the above interferences Searl was the junior party. In accordance with rules of the office, Searl took his testimony in chief, Thomas and Lucas then took their testimony in chief and their rebuttal testimony, and thereupon Searl took his rebuttal testimony. Thereafter Searl moved for leave to introduce "newly discovered" prima facie testimony. The Commissioner, in the exercise of his discretion, directed the lower tribunals to admit this testimony. Thomas and Lucas were given an opportunity to introduce testimony in rebuttal of this additional testimony of Searl. After this rebuttal testimony had been taken, Searl requested an opportunity to take testimony to meet this rebuttal testimony. That request was denied, and this petition for mandamus followed.

[2] It is settled law that the writ of mandamus cannot be used to perform the office of

an appeal or writ of error, or be granted in any case where there is another adequate remedy. In Moore v. United States ex rel., Lindmark, 33 App. D. C. 597, we ruled that mandamus would not lie at the instance of one of the parties to an interference proceeding to compel the Commissioner of Patents to fix a time for the taking of testimony in an interference proceeding. There was an adequate remedy by appeal to this court. The same situation obtains here. If the decision in the Patent Office on the question of priority is adverse to Searl, he has his appeal to this court, where the very question he attempts to raise in this mandamus proceeding may be passed upon.

It follows that the judgment was right, and is therefore affirmed, with costs.

Affirmed.