## BARTLESVILLE ZINC CO. v. INTERSTATE COMMERCE COMMISSION.

Court of Appeals of District of Columbia. Submitted December 6, 1928. Decided January 7, 1929.

No. 4793.

L. Harold Sothoron, of Washington, D. C., and Harry C. Barnes, of Chicago, Ill., for appellant.

Edward M. Reidy, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This appeal is from a final order of the lower court dismissing a petition of the appellant, the Bartlesville Zinc Company, for a writ of mandamus against the appellee, the Interstate Commerce Commission.

It appears that on May 7, 1920, the company filed a formal complaint with the Commission against the Director General of Railroads, as Agent, for the recovery of certain demurrage charges assessed against the company and paid by it, on various carloads of ore, coal, and other commodities received by the company at its plant in Oklahoma during the period of federal control, which the company alleged were illegally assessed because of the absence of written notice in violation of the carrier's applicable demurrage tariff; and that thereafter, to wit, on October 23, 1922, the Commission, after regularly hearing testimony and argument upon the complaint, rendered its decision dismissing it, upon the ground that the charges in question had been assessed substantially in compliance with the provisions of the applicable tariff, and were not unlawful. Bartlesville Zinc Co. v. Director General, 74 I. C. C. 26.

The company thereupon filed its petition in the lower court in this case praying for a writ of mandamus to be directed to the Commission, commanding it forthwith "to perform its ministerial duty in accordance with the provisions of the Interstate Commerce Act [49 USCA § 1 et seq.] and to enter or cause to be entered in the said cause an order awarding reparation to the petitioner as prayed for in its complaint filed therein, and

to take such other action as by law required, in order to ascertain the amount of damages the petitioner is entitled to by way of reparation for the overcharge assessed against and paid by it, and to make such other or further order or orders in the premises as justice may require."

■■ The cause was submitted to the lower court upon the petition, answer, and reply, and the court dismissed the same. We think this ruling of the lower court was right, for it is an established rule that the action of mandamus cannot be used as a substitute for an appeal nor as a writ of error, whereas the relief sought by the company in its petition was essentially of that character. For it is conceded that the Commission took jurisdiction of the company's complaint and, after hearing testimony and argument concerning the issue, considered and decided it upon the merits. The Commission accordingly fully exercised its jurisdiction, and its decision, whether correct or not, was regularly entered. It was therefore not erroneous for the lower court to refuse a writ of mandamus as sought by the company, for the writ if granted could have had no other effect than to review the decision which the Commission had reached upon its consideration of the facts and the law in controversy.

■ "Mandamus cannot be had to compel a particular exercise of judgment or discretion [United States ex rel.] Riverside Oil Co. v. Hitchcock, 190 U. S. 316 [23 S. Ct. 698, 47 L. Ed. 1074]; Ness v. Fisher, 223 U. S. 683 [32 S. Ct. 356, 56 L. Ed. 610]; Hall v. Payne, 254 U. S. 343 [41 S. Ct. 131, 65 L. Ed. 295]; or be used as a writ of error, Commissioner of Patents v. Whiteley, 4 Wall. 522 [18 L. Ed. 335]. The case at bar is not like Interstate Commerce Commission v. Humboldt S. S. Co., 224 U. S. 474 [32 S. Ct. 556, 56 L. Ed. 849]; and Louisville Cement Co. v. Interstate Commerce Commission, 246 U. S. 638 [38 S. Ct. 408, 62 L. Ed. 914], where the Commission had wrongly held that it did not have jurisdiction to adjudicate the controversy; nor is it like Kansas City Southern Ry. Co. v. Interstate Commerce Commission, 252 U. S. 178 [40 S. Ct. 187, 64 L. Ed. 517], where the Commission wrongly refused to perform a specific, peremptory duty prescribed by Congress." Mr. Justice Brandeis, in Interstate Commerce Commission v. United States ex rel. Members of Waste Merchants' Association, 260 U. S. 32, 43 S. Ct. 6, 67 L. Ed. 112.

In United States ex rel. Kansas City Southern Railway v. Interstate Commerce Commission, 55 App. D. C. 389, 6 F. (2d) 692, this court reached a similar conclusion based upon the authority above cited, and upon application certiorari was refused by the Supreme Court.

The judgment of the lower court is affirmed, at the cost of the appellant.