## UNITED STATES ex rel. SYMONS v. ROBERTSON, Commissioner of Patents.

Court of Appeals of District of Columbia.

Submitted December 5, 1928. Decided January 7, 1929.

Petition for Modification Denied January 26, 1929.

No. 4757.

William L. Symons, of Washington, D. C., in pro. per.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District, dismissing appellant's petition for writ of mandamus to compel the Commissioner of Patents, in a trade-mark registration proceeding, to accept as a "notice of opposition" an unverified paper, signed and filed by appellant's counsel.

On September 20, 1926, there was filed in the Patent Office by McIlhenny Company an application for the registration of the word "Tabasco" as a trade-mark for a pepper sauce. The Commissioner, in supposed compliance with a decree of the United States Court for the Eastern District of Louisiana, published the mark in the Official Gazette of November 23, 1926. Thereupon appellant's counsel, on December 23, 1926, filed in the Patent Office an unverified paper, signed by him, entitled "Protest against Grant of Certificate of Registration." The Commissioner refused to accept this paper as a notice of opposition, "in view of the court decision referred to in such protest." Request for reconsideration was filed, to which the Commissioner replied that he adhered to his former decision, and that "the protest cannot be construed as an opposition under the statutes and rules." Thereafter the mandamus proceeding was instituted.

Section 6 of the Trade-Mark Act of February 20, 1905 (33 Stat. 726; 15 USCA § 86), provides that "any person who believes he would be damaged by the registration of a mark may oppose the same by filing notice of opposition, stating the grounds therefor, in the Patent Office within thirty days after the publication of the mark sought to be registered, which said notice of opposition shall be verified by the person filing the same before one of the officers mentioned in section two of this act. An opposition may be filed by a duly authorized attorney, but said opposition shall be null and void unless verified by the opposer within a reasonable time after such filing."

It is apparent that it was the Commissioner's duty and within his jurisdiction to determine primarily whether the requirements of this statute had been complied with by appellant. See Hall's Safe Co. v. Herring-Hall-Marvin Safe Co., 31 App. D. C. 498; U. S. ex rel. Lang v. Moore, 37 App. D. C. 493.

If the Commissioner erred in his decision, an appeal to this court was available to appellant. It is familiar law that a writ of mandamus cannot take the place of an appeal. Donner Steel Co. v. Interstate Commerce Commission, 52 App. D. C. 221, 285 F. 955; United States ex rel. Kansas City Southern Ry. Co. v. Interstate Commerce Commission, 55 App. D. C. 389, 6 F.(2d) 692.

Judgment affirmed, with costs.

Affirmed.