**UNITED STATES ex rel. KNICKERBOCKER INS. CO. OF NEW YORK v. MELLON, Secretary of the Treasury, et al.**

No. 5086.

Court of Appeals of District of Columbia.

Argued April 8, 1930.

Decided May 5, 1930.

Petition for Rehearing Denied May 29, 1930.

H. Stanley Hinrichs, of Washington, D. C., and LeRoy B. Iserman, of New York City, for appellant.

Leo A. Rover and John W. Fihelly, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District dismissing appellant's petition for mandamus to compel the appellees to make payment to appellant of an award of the Mixed Claims Commission of the United States and Germany (Act March 10, 1928, 45 Stat. 254).

During the World War an unincorporated association, known as the Equitable Underwriters of New York, engaged in insuring hulls and cargoes, and suffered losses through the payment to the insured of amounts covered by policies. Subsequently the association was converted into a stock insurance corporation, which merged and consolidated with appellant, Knickerbocker Insurance Company. Thereafter appellant presented a claim to the Mixed Claims Commission on account of losses suffered by the above unincorporated association, and an award followed.

Subsequently Thomas Duffey and others, formerly members of the unincorporated association, filed a bill in equity in the Supreme Court of the District against the Secretary of State, the Secretary of the Treasury, the Treasurer of the United States, and appellant, in which they prayed the court to enjoin the Secretary of State in certifying to the Secretary of the Treasury the award to which reference has been made, and enjoining the payment of the award to appellant. The bill also prayed for the appointment of a receiver and for a distribution of the fund according to the rights of the parties. This bill was based upon the claim of an interest in the award.

To this bill appellant, appearing specially, moved to quash the service upon it, upon two grounds: First, that it was a foreign corporation and not doing business in the District of Columbia nor having any agent therein; and, second, that the court had no jurisdiction over the subject matter. On December 10, 1928, the court overruled this motion. Thereafter, on February 14, 1929, appellant filed an answer to the bill. On May 2, 1929, appellant again moved the dismissal of the bill on various grounds. On May 13th, following, the equity court denied the motion, and entered a decree referring the cause to the auditor, "with directions to ascertain and report to the Court, to whom, and in what proportions, if any, the fund of $212,811.71, with interest from November 11, 1918, under the award of the Mixed Claims Commission dated September 8, 1924, and now held in the Treasury of the United States until the final order of the Court in this cause in accordance with the order herein filed on the 29th day of June 1928, should be paid." That cause is still pending.

On April 26, 1929, the petition herein was filed. The plaintiffs in the equity suit were not made parties, although the pendency of that suit was made to appear in the petition. To the petition and rule appellees answered, setting forth the facts heretofore detailed, and alleging "that the Equity Court has acquired and is maintaining full jurisdiction over the cause of action herein," and "that the plaintiffs in said Equity No. 48270 are proper and indispensable parties to this suit." To this answer appellant demurred. The demurrer was overruled, and the petition dismissed.

The decision below was right. The equity court had assumed jurisdiction, and appellant's remedy, if any, is by way of appeal from the decision of that court. It is settled law that mandamus will not serve the purpose of an appeal or writ of error. Interstate Commerce Commission v. United States ex rel. Waste Merchants' Ass'n, 260 U. S. 32, 43 S. Ct. 6, 67 L. Ed. 112; United States v. Work, 55 App. D. C. 139, 2 F.(2d) 941; United States v. Interstate Commerce Commission, 56 App. D. C. 40, 8 F.(2d) 901, certiorari denied 270 U. S. 650, 46 S. Ct. 351, 70 L. Ed. 781; United States v. Robertson, 57 App. D. C. 179, 18 F.(2d) 829, certiorari denied 275 U. S. 532, 48 S. Ct. 29, 72 L. Ed. 411; United States v. Robertson, 58 App. D. C. 266, 29 F.(2d) 639; Bartlesville Zinc Co. v. Interstate Commerce Commission, 58 App. D. C. 316, 30 F.(2d) 479, certiorari denied 279 U. S. 856, 49 S. Ct. 351, 73 L. Ed. 997.

Judgment affirmed.

Affirmed.