904

EDMUNDS v. BOARD OF EXAMINERS
IN OPTOMETRY FOR TERRITORY
OF ALASKA et al.

No. 9201.

Circuit Court of Appeals, Ninth Circuit.

Oct. 26, 1939.

Howard D. Stabler, of Juneau, Alaska, for appellant.

James S. Truitt, Atty. Gen. for Alaska, and H. L. Faulkner, of Juneau, Alaska, for appellees.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Review is asked of an order denying a petition for a writ of mandamus, wherein it was sought to compel appellees to issue an annual registration certificate to appellant.

In 1933 the Territory of Alaska enacted an Optometry Act. It provides for the issuance of two certificates: (1) a license, or original registration certificate; and (2) an annual renewal certificate. Comp. Laws of Alaska, §§ 2720, 2721, 2715. It further provides that the secretary of the Optometry Board created by the act "shall issue" the annual certificate upon receipt of an application from a licensed or registered optometrist together with a fee. Comp.Laws of Alaska, § 2715. Section 2719 specifies procedure for revocation of certificates. It provides for the filing of charges and a hearing, at which "the accused shall have the right to cross-examine the witnesses against him and to produce witnesses in his defense, and to appear personally or by counsel." It further provides that if the Board unanimously finds the charges sustained, it "may thereupon revoke the said certificate. of the accused or annul his registration, or do both". Finally, it provides:

"* * * Where the certificate of any person has been revoked, or his registration has been annulled as herein provided, the board may, after the expiration of one year, entertain an application for a new certificate, in like manner as original applications for certificates are entertained * * *."

Appellant was issued a license in 1934, and several annual renewal certificates thereafter, including one for the year 1938. Charges were filed against him on September 24, 1938, and his annual renewal certificate for the year 1938 was revoked by the Board on November 25, 1938. Appellant thereafter applied for, and was denied, an annual renewal certificate for the year 1939, and on January 3, 1939, filed this action to compel issuance of such certificate by mandamus. Appellant has appealed from the order denying the writ.

With respect to the power to issue writs of mandamus, the courts have frequently spoken. "Mandamus issues to compel an officer to perform a purely ministerial duty. It cannot be used to compel or control a duty in the discharge of which by law he is given discretion. * * *" Work v. United States ex rel. Rives, 267 U.S. 175, 177, 45 S.Ct. 252, 69 L.Ed. 561. "Mandamus is employed to compel the performance, when refused, of a ministerial duty, this being its chief use. It also is employed to compel action, when refused, in matters involving judgment and discretion but not to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either". Wilbur v. United States, 281 U.S. 206, 218, 50 S.Ct. 320, 324, 74 L.Ed. 809. See also United States ex rel. Girard Co. v. Helvering, 301 U.S. 540, 543, 57 S.Ct. 855, 81 L.Ed. 1272; Miguel v. McCarl, 291 U.S. 442, 451, 54 S.Ct. 465, 78 L.Ed. 901; Work v. United States ex rel. McAlester, Etc. Co., 262 U.S. 200, 208, 43 S.Ct. 580, 67 L.Ed. 949; Alaska Smokeless Coal Co. v. Lane, 250 U.S. 549, 555, 40 S.Ct. 33, 64 L.Ed. 1135; Noble v. Union River Logging Railroad Co., 147 U.S. 165, 171, 13 S.Ct. 271, 37 L.Ed. 123; Redfield v. Windom, 137 U.S. 636, 644, 11 S.Ct. 197, 34 L.Ed. 811; United States ex rel. Dunlap v. Black, 128 U.S. 40, 48, 9 S.Ct. 12, 32 L.Ed. 354.

Appellant contends that the revocation of the 1938 renewal certificate merely suspended his right to practice optometry in the Territory during the remainder of the year 1938; that since the original registration certificate was not annulled, he had the right to make application for a renewal certificate for the year 1939 and upon the filing of his application and the payment of the required fee, no discretion as to the issuance of such renewal certificate was vested in the Board, because by § 2715 it was provided that such renewal certificate "shall issue". This contention assumes that § 2715 is applicable to the exclusion of § 2719. The latter section provides that where "the certificate of any person has been revoked, or his registration has been annulled as herein provided, the board may, after the expiration of one year, entertain an application for a new certificate * * *." The section (§ 2715) relied on by appellant was obviously intended not to apply to a case of revocation or annullment of certificates, because a specific section (§ 2719) made provision for such a case.

Under § 2719, which is applicable here, the Board may not entertain an application for the certificate until the expiration of one year. The appellant's application was made before the expiration of one year. If his renewal certificate was revoked, then mandamus would not lie to compel action by the Board which is prohibited by the statute. Supervisors of Carroll County v. United States, 85 U.S. 71, 18 Wall. 71, 77, 21 L.Ed. 771. The Board did revoke the renewal certificate, but appellant contends that the order of revocation was void for a number of reasons, unnecessary to relate. He prays, in his petition, only for a writ compelling issuance of a renewal certificate for the year 1939. He has not sought an adjudication in this or any other proceeding that the Board's order of revocation is void. Since such order of revocation was made, we must determine whether or not he may indirectly attack such order in this mandamus proceeding. The order cannot be set aside in a mandamus proceeding. Wilbur v. United States, supra, 281 U.S. 206, 50 S.Ct. 320, 74 L.Ed. 809; Interstate Commerce Comn. v. Waste Merchants' Ass'n, 260 U.S. 32, 34, 43 S.Ct. 6, 67 L.Ed. 112; United States ex rel. Riverside Oil Co. v. Hitchcock, 190 U.S. 316, 325, 23 S.Ct. 698, 47 L.Ed. 1074; United States ex rel. Dunlap v. Black, supra, 128 U.S. 48, 9 S.Ct. 12, 32 L.Ed. 354; Commissioner of Patents v. Whiteley, 71 U.S. 522, 4 Wall. 522, 18 L.Ed. 335. With respect to the order of revocation of the renewal certificate of 1938: "Whether a judicial review can be had by some other form of proceeding, we need not inquire." Interstate Commerce Comn. v. Waste Merchants' Ass'n, supra, 260 U.S. 35, 43 S.Ct 6, 7, 67 L.Ed. 112.

Affirmed.