**M. P. & ST. L. EXPRESS, INC., Coastal Leasing Company, Inc., W. L. Swain, Jr., and Robert S. Reese, Plaintiffs,**

**v.**

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**Civ. A. No. 1028.**

United States District Court
W. D. Kentucky,
Paducah Division.

Aug. 12, 1958.

Melvin H. Purvis, Florence, S. C., Boyd & Boyd, Paducah, Ky., for plaintiffs.

Victor R. Hansen, Asst. Atty Gen., J. Leonard Walker, U. S. Atty., Louisville, Ky., Charles R. Esherick, Atty., Dept. of Justice, Washington, D. C., for defendant United States.

Robert W. Ginnane, Gen. Counsel, Carroll T. Prince, Jr., Atty., James Y. Piper, Asst. Gen. Counsel, Charlie H. Johns, Jr., Associate Gen. Counsel, I. C. C., Washington, D. C., for defendant Interstate Commerce Commission.

Before SHACKELFORD MILLER, Jr., Circuit Judge, BROOKS, District Judge, and SHELBOURNE, Chief Judge.

PER CURIAM.

June 27, 1958, M. P. & St. L. Express, Inc., Coastal Leasing Company, Inc., W. L. Swain, Jr., and Robert S. Reese filed this action in this Court, claiming jurisdiction under Section 1336, Title 28 United States Code, seeking to enjoin, annul, and set aside orders of the Inter-State Commerce Commission issued on April 11, 1958, and June 9, 1958, and seeking an interlocutory order authorizing and allowing Herrin Transportation Company, Inc., to take over the managerial control of plaintiff M. P. & St. L. Express, Inc., pending the hearing and determination of this action.

M. P. & St. L. Express, Inc., is a motor carrier subject to the provisions of Part II of the Motor Carriers Act of 1935;

plaintiff Coastal Leasing Company, Inc., is alleged to be one of the largest creditors of M. P. & St. L. Express, and plaintiffs W. L. Swain, Jr., and Robert S. Reese are alleged to hold equitable rights for the acquisition of all the capital stock of M. P. & St. L. Express.

The order of the Interstate Commerce Commission issued April 11, 1958, denied an application for temporary operation of M. P. & St. L. Express by Herrin Transporation Company under Section 210a(b) of the Interstate Commerce Act. The order of June 9, 1958, denied an application to the Commission to reconsider the order of April 11, 1958.

Section 210a(b) of the Interstate Commerce Act, 49 U.S.C. § 310a(b), provides:

"Pending the determination of an application filed with the Commission for approval of a consolidation or merger of the properties of two or more motor carriers, or of a purchase, lease, or contract to operate the properties of one or more motor carriers, the Commission may, in its discretion, and without hearings or other proceedings, grant temporary approval, for a period not exceeding one hundred and eighty days, of the operation of the motor carrier properties sought to be acquired by the person proposing in such pending application to acquire such properties, if it shall appear that failure to grant such temporary approval may result in destruction of or injury to such motor carrier properties sought to be acquired, or to interfere substantially with their future usefulness in the performance of adequate and continuous service to the public."

A temporary restraining order was entered, upon the execution of appropriate bond, on June 28, 1958, suspending the operation and effectiveness of the orders of the Interstate Commerce Commission of April 11, 1958, and June 9, 1958, until July 3, 1958, on which date the action was set on a rule against the defendants to show cause why a preliminary injunction staying and enjoining the effect of the orders of April 11, 1958, and June 9, 1958, during the pendency of this action, should not be entered. A hearing was held on July 3, 1958, and on that date the temporary restraining order, by agreement of counsel, was extended subject to further orders of the Court.

The application of Herrin Transportation Company to acquire permanent control of M. P. & St. L. Express is not involved in this action. This proceeding involves only the application of Herrin, under Section 310a(b) for temporary authority for a period not exceeding 180 days.

It is stipulated that no formal hearing was held before an examiner of the Interstate Commerce Commission, but that the Commission did hear and consider the evidence, representations, and arguments made by and presented by all the parties on the application which was denied by the order of April 11, 1958, and on the application for reconsideration of that order, which was denied following the hearing on June 9, 1958.

Section 10 of the Administrative Procedure Act, 5 U.S.C. § 1009, so far as is pertinent here, provides:

"Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.

"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof.

\* \* \* \* \* \*

"(e) So far as necessary to decision and where presented the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of any agency action. It shall \* \* \* (B) hold unlawful and set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, an abuse

of discretion, or otherwise not in accordance with law; * * *."

The jurisdiction of this Court is invoked under another federal statute, 28 U.S.C. § 1336, which provides:

"Except as otherwise provided by Act of Congress, the district courts shall have jurisdiction of any civil action to enforce, enjoin, set aside, annul or suspend, in whole or in part, any order of the Interstate Commerce Commission."

It is apparent that the plaintiffs are seeking two elements of relief, (1) to vacate and set aside the orders of April 11, 1958, and June 9, 1958, because the decision of the Commission is arbitrary and capricious and (2) to mandatorily enjoin the Commission to grant to Herrin Transportation Company the temporary authority to control and operate M. P. & St. L. Express, under the provisions of 49 U.S.C. § 310a(b), pending the determination of Herrin's application to acquire permanently the M. P. & St. L. Express.

We have concluded that the Commission's orders, of which the plaintiffs complain, are not orders subject to review by us.

If the question is controlled by the Administrative Procedure Act, as is urged upon us by the Government, it seems clear that the order is not reviewable. Section 10 of the Act provides that any person adversely affected or aggrieved by any agency action shall be entitled to judicial review thereof, "Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion." 5 U.S.C. § 1009. The order of the Commission in the present case was one committed to agency discretion. Section 210a(b) of the Act, which authorizes the Commission to grant temporary approval of the operation of a motor carrier by the person proposing to acquire the properties of such carrier, expressly states that "the Commission may, *in its discretion,* and without hearing or other proceedings, grant temporary approval, * * *." 49 U.S. C. § 310a(b); Panama Canal Co. v.

Grace Line, Inc., 356 U.S. 309, 317–318, 78 S.Ct. 752, 2 L.Ed.2d 788.

■ However, the question is not controlled by the Administrative Procedure Act, in that Section 1336, Title 28 U.S.C., expressly confers jurisdiction upon the district courts "of any civil action to enforce, enjoin, set aside, annul or suspend, in whole or in part, any order of the Interstate Commerce Commission." Our problem is, accordingly, to properly construe this statute.

Upon first reading, the words "any order of the Interstate Commerce Commission" would seem to include both final orders and orders that are not final, but the Supreme Court has disapproved such a construction. Chicago & Southern Air Lines, Inc., v. Waterman Steamship Corp., 333 U.S. 103, 106, 68 S.Ct. 431, 92 L.Ed. 568. As pointed out in that case, such statutes have not been construed as to subject to judicial review such orders which, from their nature or from the relation of judicial power to the subject matter, are inappropriate for review. Both in that case and in Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 384–385, 58 S.Ct. 963, 82 L.Ed. 1408, the Court held that a certain order of an administrative agency was not the kind of order which the statute intended should be reviewable. Although the statute does not say that only final orders shall be reviewable, it seems to be a well recognized rule of administrative law that agency action must be completed and its ruling final before the ruling is subject to review. Grace Line, Inc., v. Panama Canal Co., 2 Cir., 243 F.2d 844, 853; United Electrical, Radio & Machine Workers of America v. Brownell, 98 U.S. App.D.C. 130, 232 F.2d 687; United Gas Pipe Line Co. v. Federal Power Commission, 3 Cir., 206 F.2d 842, 845; Bustos-Ovalle v. Landon, 9 Cir., 225 F.2d 878, 881.

Rochester Telephone Corp. v. United States, 307 U.S. 125, 59 S.Ct. 754, 83 L. Ed. 1147, is an interesting case bearing on the subject in general. It overruled a long line of earlier cases, such as Procter & Gamble Co. v. United States, 225 U.S.

282, 32 S.Ct. 761, 56 L.Ed. 1091, and United States v. Griffin, 303 U.S. 226, 58 S.Ct. 601, 82 L.Ed. 764, which held that jurisdiction to set aside orders of the Interstate Commerce Commission did not apply to negative orders. In doing so, it said that the considerations of policy behind such a ruling are completely satisfied by proper application of the combined doctrines of primary jurisdiction and administrative finality, which two doctrines the opinion recognized as being well settled. The opinion also indicates that an order is not a final order subject to review if it is "a stage in an incomplete process of administrative adjudication." [307 U.S. 125, 59 S.Ct. 764.] The same thought was expressed in El Dorado Oil Works v. United States, 328 U.S. 12, 66 S.Ct. 843, 90 L.Ed. 1053.

■ In the Rochester Telephone Corporation case, supra, the Court said, "Even when resort to courts can be had to review a Commission's order, the range of issues open to review is narrow. Only questions affecting constitutional power, statutory authority and the basic prerequisites of proof can be raised. If these legal tests are satisfied, the Commission's order becomes incontestable." No question is raised in the present case of constitutional power or statutory authority, and since the statute permits temporary approval to be given or denied without a hearing or evidence, the sufficiency of the proof is not involved. Even if we should be of the opinion that we would reach a different conclusion from that reached by the Commission if we were exercising our independent judgment in the matter, we are not empowered to usurp the administrative function given to the Commission by the statute of exercising its own judgment in the matter. Federal Power Commission v. Idaho Power Co., 344 U.S. 17, 20, 73 S.Ct. 85, 97 L.Ed. 15; Froehling Supply Co. v. United States, 7 Cir., 194 F.2d 637, 640.

■■ The present action is really one in the nature of mandamus. Panama Canal Co. v. Grace Line, Inc., 356 U.S. 309, 78 S.Ct. 752, 2 L.Ed.2d 788. If the order of the Commission is set aside, as requested, the plaintiffs do not obtain any relief. The order merely denied their application for temporary operation of the motor carrier. In order to get any relief, not only would the Commission's order have to be set aside but also an affirmative order directing the Commission to give its temporary approval would have to be entered. Under the statute, this is a matter entirely within the Commission's discretion, even though the facts may show that the failure to grant such temporary approval may result in injury to the motor carrier. While mandamus will lie to compel a public official or commission to make a ruling in a matter before it, it will not lie to direct what the ruling will be if the person making the ruling is not compelled by statute to rule in a particular way. Interstate Commerce Commission v. United States ex rel. Members of Waste Merchants Association, 260 U.S. 32, 43 S.Ct. 6, 67 L.Ed. 112; Interstate Commerce Commission v. United States, 289 U.S. 385, 53 S.Ct. 607, 77 L.Ed. 1273; Panama Canal Co. v. Grace Line, Inc., supra.