Norihiko **NAKAYAMA** and **Mitsuoki Osawa, Petitioners,**

v.

**Donald W. BANNER, Commissioner of Patents and Trademarks, and Roger E. Ernsthausen, Respondents.**

Norihiko **NAKAYAMA** and **Mitsuoki Osawa, Petitioners,**

v.

**Donald W. BANNER, Commissioner of Patent and Trademarks, and Bernard W. Byrum, Jr. and Roger E. Ernsthausen, Respondents.**

**Yasunari SHIROUCHI** and **Toshinori Urade, Petitioners,**

v.

**Donald W. BANNER, Commissioner of Patent and Trademarks, and Bernard W. Byrum, Jr. and Roger E. Ernsthausen, Respondents.**

**Nos. 78–620—78–623.**

United States Court of Customs and Patent Appeals.

Dec. 14, 1978.

---

H. J. Staas, Wm. D. Johnston, III, Staas & Halsey, Washington, D. C., attorneys of record, for Nakayama et al.; Charles L. Gholz, Baker & McKenzie, Washington, D. C., of counsel.

Joseph F. Nakamura and Jere W. Sears, Washington, D. C., for Banner and Ernsthausen.

John C. Smith, Jr., James H. Laughlin, Jr., Benoit, Smith & Laughlin, Arlington, Va., attorneys of record, for respondents Ernsthausen and Byrum et al.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE, and MILLER, Judges.

PER CURIAM.

Petitioners seek writs of mandamus directing the Commissioner of Patents and Trademarks to: (1) exclude all or part of respondents' Rule 204(c) supplemental showings from consideration in interference Nos. 99,254, 99,255, and 99,256; and (2) restrict respondents in interference No. 99,541 to their effective filing date. The petitions are denied.

### Background

1. *Interference Nos. 99,254, 99,255, and 99,256*

Ernsthausen et al. (Ernsthausen) filed three applications—serial Nos. 440,531, 440,-532, and 441,736—copying claims from Nakayama et al.'s (Nakayama's) patent No. 3,716,742, issued February 13, 1973. Each application and accompanying Rule 205 statement[1] referred to parent applications. Ernsthausen simultaneously filed papers in the form of Rule 204(c) affidavits.[2] In the first office action on each application, the examiner required duplicate copies of the

---

1. Rule 205(b), 37 CFR 1.205(b), reads in pertinent part:

   Where an applicant presents a claim copied or substantially copied from a patent, he must, at the time he presents the claim, identify the patent, give the number of the patented claim, and specifically apply the terms of the copied claim to his own disclosure, unless the claim is copied in response to a suggestion by the Office.

2. Rule 204(c), 37 CFR 1.204(c), reads in pertinent part:

   When the effective filing date of an applicant is more than 3 months subsequent to the effective filing date of the patentee, the applicant, before the interference will be declared, shall file two copies of affidavits or declarations by himself, if possible, and by one or more corroborating witnesses, supported by documentary evidence if available, each setting out a factual description of acts and circumstances performed or observed by the affiant, which collectively would prima facie entitle him to an award of priority with respect to the effective filing date of the patent. This showing must be accompanied by an explanation of the basis on which he believes that the facts set forth would overcome the effective filing date of the patent. Failure to satisfy the provisions of this section may result in summary judgment against the applicant under § 1.228.

affidavits, without which the application could not "be forwarded for declaration of interference." Upon filing of the duplicates, interference Nos. 99,254, 99,255, and 99,256 were declared (corresponding to application serial Nos. 440,531, 440,532, and 441,736), and the Patent and Trademark Office (PTO) Board of Patent Interferences (board) ordered junior party Ernsthausen, pursuant to Rule 228,[3] to show cause why judgment should not be rendered against him, on the ground that the showing under Rule 204(c) was insufficient to prima facie entitle him to an award of priority with respect to the effective filing date of the Nakayama patent.

In interference No. 99,254, Ernsthausen filed three additional affidavits pursuant to Rule 228, one, by Miller, describing an additional reduction to practice. As his showing in excuse of the affidavit's earlier omission, Ernsthausen stated that (1):

> Ernsthausen submitted 37 CFR 1.204(c) affidavits without formal requirement of the Patent Office and should not be prejudiced by this action. These affidavits were prepared to preserve evidence which was being lost by the passage of time and the departure from the employ of the assignee of Ernsthausen of members of the group having knowledge of the development of the invention. This should not be treated as a waiver of Ernsthausen's rights under 35 USC 120. Once those affidavits were taken it was thought they should be filed to avoid criticism at some later date that they were stale and therefore, unacceptable. Thus, Ernsthausen

preserved evidence by the filing of the affidavits prematurely but should not be penalized for such early filing by any refusal to permit any augmenting showing by either amplifying affidavits or supplemental affidavits.

and (2):

> [T]he affidavits submitted under 37 CFR 1.228 together with their exhibits are justified as an aid to the Board's understanding and in the main merely explain that which was believed to be state-of-the[-]art. Thus the reason for submitting additional affidavits and exhibits it to explain that state-of-the-art which was believed to be known to the Patent Office at the time of the original affidavits.

The board found earlier omission of the affidavits generally to be excused by Ernsthausen's response, and the lateness of the Miller affidavit specifically to be excused by Ernsthausen's reason (2). The board held, having considered the original and additional affidavits, that Ernsthausen had made a prima facie showing of an actual reduction to practice of the count prior to Nakayama's filing date.

In interference No. 99,255, Ernsthausen filed four additional affidavits, including one by Miller describing an additional reduction to practice, and numerous exhibits. In addition to reasons (1) and (2) set forth in interference No. 99,254, Ernsthausen stated as a showing in excuse that: (3) an additional reduction to practice "was discovered in developing a description of the state-of-the-art." The board found the delay of the affidavits and exhibits generally

---

**3.** Rule 228, 37 CFR 1.228, reads in pertinent part:

> When an interference is declared on the basis of a showing under § 1.204(c), such showing will be examined by an Examiner of Interferences. If the Examiner considers that the facts set out in the showing provide sufficient basis for the interference to proceed, the interference will proceed in the normal manner as provided by the regulations in this part; otherwise an order shall be entered concurrently with the notice of interference pointing out wherein the showing is insufficient and notifying the applicant making such showing that summary judgment will be rendered against him because of such insuffi-

> ciency at the expiration of a period specified in the notice, not less than 30 days, unless cause be shown why such action should not be taken. In the absence of a showing of good and sufficient cause, judgment shall be so rendered. * * * [A]dditional affidavits, declarations or exhibits will not be considered unless accompanied by a showing in excuse of their omission from the original showing. * * * The Board will determine, on the basis of the original showing and the response made, whether the interference should be allowed to proceed or summary judgment should be entered against the junior applicant.

to be excused by reason (2), and that of the Miller affidavit specifically to be excused by reason (3). It therefore considered unnecessary a ruling on the sufficiency of reason (1). Upon consideration of Ernsthausen's affidavits and exhibits, the board found Ernsthausen had made a prima facie showing of an actual reduction to practice of at least one of the two counts prior to Nakayama's filing date.

In interference No. 99,256, Ernsthausen filed three additional affidavits and two exhibits. As his showing in excuse of their earlier omission Ernsthausen explained that "the attached additional affidavits were not considered as necessary at the time the original affidavits were filed in view of the fact that they refer to prior art only." The board accepted Ernsthausen's excuse, and found the affidavits and exhibits sufficient to show prima facie an actual reduction to practice of at least one of the two counts prior to Nakayama's filing date.

In all three interferences, Nakayama petitioned the Commissioner to reverse the board's denial of summary judgment and order the board to enter summary judgment on the merits, alleging that a showing under Rule 228 must be verified, and that the board erred in accepting Ernsthausen's unverified showings. The Commissioner denied all three petitions, stating:

A review of the record in this case does not demonstrate that the board has abused its discretion or committed any error in accepting Ernsthausen's unverified showing. Counsel for Ernsthausen indicated that he believed the Office officials reviewing the § 1.204(c) affidavits would know the state of the art. Such is not always in [sic] the case in interfer-

ence matters. Accordingly, there was ample basis for the decision of the board accepting Ernsthausen's supplemental showing. [Footnote omitted.]

Alleging insufficiency of Ernsthausen's Rule 228 showings in excuse, Nakayama petitions this court for issuance of a writ of mandamus, ordering the Commissioner either:

(1) to exclude Ernsthausen's entire supplemental 204(c) showing from consideration and to redetermine, on the basis only of the original 204(c) showing and of Ernsthausen's still-pending motion for the benefit of the filing date of his grandparent application, whether the interference should be allowed to proceed or summary judgment should be entered against the junior applicant, or, at least,

(2) to exclude from consideration those portions of Ernsthausen's supplemental 204(c) showing the omission of which from the original showing was not justified by Ernsthausen's second and third excuses and to redetermine, on the basis of the original showing, the appropriate parts of the supplemental showing, and the still-pending motion, whether the interference should be allowed to proceed.

## 2. Interference No. 99,541

On March 15, 1977, Byrum et al. (Byrum), the junior party in interference No. 99,541, filed a preliminary statement (statement) with the PTO and notified Shirouchi et al. (Shirouchi) of the filing, as required by Rule 215.[4] On March 28, Byrum's attorneys

4. Rule 215, 37 CFR 1.215 reads:
   (a) Each party to the interference will be required to file a concise preliminary statement giving certain facts and dates, on or before a date fixed by the Office. The preliminary statement must be signed and sworn to or made in the form of a declaration, by the inventor but in appropriate circumstances, as when the inventor is dead or a showing is made of inability to obtain a statement from the inventor, the preliminary statement may be made by the personal representative

or assignee or by someone authorized or entitled to make the statement and having knowledge of the facts.
   (b) A party who files a preliminary statement shall at the same time notify all opposing parties of that fact and by the time set for that purpose he shall serve a copy of his preliminary statement and all attached documents on every opposing party from whom he has received notification of the filing of a statement.

filed the following notice of service of his statement with the PTO:

> I hereby certify that a true copy of the party Byrum et al's Preliminary Statement is being forwarded to the attorneys for Shirouchi et al. as set forth below on even date herewith by first-class mail, postage prepaid, in accordance with the provisions of 37 CFR 1.215(b).

Approximately three weeks after the statement's due date, Shirouchi's attorneys, realizing they had not received a copy, obtained one directly from the PTO. Two and a half weeks later, Shirouchi filed a motion to strike Byrum's statement for lack of service. The board treated the motion as one to restrict Byrum to his effective filing date under Rule 215(c). In response to Shirouchi's motion, Byrum submitted affidavits obtained from his attorneys and their staff to establish that the statement had been mailed.

In ruling on the motion, the board found that an attorney's statement, under Rule 247(d),[5] constitutes prima facie proof of service only when it refers to an act already performed, and that the preliminary statement had yet to be mailed at the time the attorney's statement was filed. The board also found that, as no affidavit provided "competent evidence of actual mailing," Byrum had not established prima facie proof of service. Nonetheless, the board held:

> (c) A party who fails to serve a copy of his preliminary statement as required in paragraph (b) of this section will be restricted to his effective filing date. (See § 1.223(c).)

**5.** Rule 247(d), 37 CFR 1.247(d), reads in pertinent part:

> A statement of the attorney, attached to or appearing in the original paper when filed, clearly stating the time and manner in which service was made will be accepted as prima facie proof of service.

**6.** § 1.8 Certificate of mailing.

> (a) * * * [P]apers and fees required to be filed in the Patent and Trademark Office within a set period of time will be considered as being timely filed if (1) they are addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231, and deposited with the United States Postal Service with sufficient postage as first class mail prior to expiration of the set period, and (2) they are

[C]onsidering the lack of any reasonable or diligent effort to work out between counsel an acceptable alternative to the missing copy, the failure to promptly file this motion upon learning of its non-receipt, the failure to show any substantial prejudice in not receiving a copy directly from Byrum et al., and the fact that Shirouchi et al. already have a copy of the Byrum et al. preliminary statement, the motion is denied.

In denying a petition to reverse the board's denial of the motion, the Commissioner stated:

> [E]ven a certificate of service which uses the words "was mailed" is signed prior to mailing. The board, therefore, misinterpreted the requirements of 37 CFR § 1.247. Compare the requirements of 37 CFR § 1.8 and the language of the suggested format for a certificate under § 1.8 which uses the language "is being deposited with the United States Postal Service . . .." 37 CFR § 3.55.[6] Under the circumstances, respondents' [Byrum's] certificate of service made out a *prima facie* case of service under 37 CFR § 1.247.

\* \* \* \* \* \*

Petitioners argue adherence to the rules is necessary to ensure orderly procedures in interferences. *Felbel v. Fox*, 1907 C.D. 312 (Comm'r.Pat.1907). At

> accompanied by a certificate stating the date of deposit (see forms, §§ 3.55 and 4.23). The person signing the certificate should have reasonable basis to expect that the correspondence would be mailed on or before the date indicated.
> § 3.55 A suggested format for the certificate under 37 CFR 1.8(a) to be included with the correspondence.
>
> I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on _____ (Date).
>
> _____
> Name of applicant, assignee, or Registered Representative
>
> _____
> Signature
>
> _____
> Date

least one federal court has indicated that "the courts, quite rightly, have required the strictest and most exacting compliance with the rule when service is made by mail." *Timmons v. United States,* 194 F.2d 357, 360 (4th Cir. 1952), *cert. denied,* 344 U.S. 844 [73 S.Ct. 59, 97 L.Ed. 683] (1952). The same is true of papers served in connection with proceedings in the U.S. Patent and Trademark Office. However, for the reasons given above, respondents are deemed to have met the standards set forth in the rules of the Office.

The Commissioner therefore affirmed the decision of the board.

Alleging that the Commissioner's decision constitutes: (1) an informal rewriting of Rule 247 to make it correspond to Rule 1.8, and (2) vitiation of Rule 215(c) by limiting it to a party who has moved promptly for restriction or has been substantially prejudiced by the opposing party's failure to serve, Shirouchi petitions this court for issuance of a writ of mandamus ordering the Commissioner to restrict Byrum to his effective filing date.

### Issue

The dispositive issue is whether the Commissioner abused his discretion in affirming the board's denial of: (1) summary judgment in interference Nos. 99,254, 99,255, and 99,256; and (2) the motion to restrict Byrum to his effective filing date in interference No. 99,541.

### OPINION

1. *The Commissioner did not abuse his discretion in affirming the board's denial of summary judgment.*

Nakayama challenges both the credibility of Ernsthausen's Rule 228 showings, and their ability to satisfy whatever burden of proof is required by Rule 228. As the Supreme Court noted in *ICC v. United States,* 289 U.S. 385, 393–94, 53 S.Ct. 607, 611, 77 L.Ed. 1273 (1933):

[In applying the rule of damages] there is a call upon the judge to think and act judicially, to use judgment and discretion. Errors of law in the discharge of a function essentially judicial are not subject to be corrected through the writ of mandamus any more than errors of fact. If the Commission had declined to listen to the claim for reparation, or finding reparation due had declined to order payment, mandamus might have been available to hold it to its duty. That is not what happened. The Commission heard the complaint and proceeded to a decision. If the mandamus were to stand, the result would not be to compel the Commission to adjudicate the cause, for that it has already done; the result would be to compel an adjudication in a particular way. The rule is elementary that this is not the function of the writ. Mandamus is an appropriate remedy to compel a judicial officer to act. It may not be used as a substitute for an appeal or writ of error to dictate the manner of his action. *Interstate Commerce Commission v. Waste Merchants Ass'n,* 260 U.S. 32, 34 [43 S.Ct. 6, 67 L.Ed. 112]; *Wilbur v. Kadrie,* 281 U.S. 206, 218 [50 S.Ct. 320, 74 L.Ed. 809]; *Interstate Commerce Commission v. N. Y., N. H. & H. R. Co.,* 287 U.S. 178, 204 [53 S.Ct. 106, 77 L.Ed. 248].

In affirming the board's denial of summary judgment, the Commissioner was required "to use judgment and discretion." Errors of fact or law committed in reaching his decision must await correction on appeal and are not subject to correction by writ of mandamus. A writ of mandamus ordering the Commissioner to exclude all or part of Ernsthausen's supplemental 204(c) showing would be tantamount to compelling the Commissioner to decide the sufficiency question a particular way, a result prohibited by the Supreme Court in *ICC, supra.*

Nakayama also alleges that the board has set too low a standard for the showings in excuse, and that by so doing, the board is in essence ignoring Rule 228.[7] Rule 228 itself sets no standard for show-

7. Mandamus will lie where an official fails to follow his own regulation. *O'Shea v. Blatchford,* 346 F.Supp. 742, 748 (S.D.N.Y.1972).

ings in excuse. Therefore, whether a particular showing is sufficient is a question which the board in the first instance, and the Commissioner on petition, must resolve by interpreting the rule. Interpretation of a rule is a matter of judgment, not subject to correction by writ of mandamus. Although the standard used to determine the sufficiency of the showings is not apparent from the record, Nakayama has not shown that the Commissioner's application of the rule to the facts, and consequent decision to affirm the board, was in any way arbitrary, capricious, or tantamount to failure to follow Rule 228 and has not shown, therefore, an abuse of discretion. *Van DeVegt v. Board of Commissioners of Larimer County*, 98 Colo. 161, 164, 55 P.2d 703, 705 (1936).

■ Finally, Nakayama alleges that mandamus is appropriate because he has no adequate appellate remedy, and because of the additional costs he will have to bear if the interference proceeds. As we said in *Duffy v. Tegtmeyer*, 489 F.2d 745, 749, 180 USPQ 317, 320 (CCPA 1974): "We are not disposed to interfere with the orderly progress of the interference through the Patent Office to final hearing and a decision on priority, from which the loser will have an appeal to this court. * * * [P]etitioner might even be the winner on the merits." Concern for orderly progress led us to say in *Seng v. Dann*, 542 F.2d 568, 191 USPQ 432, 433 (CCPA 1976): "[T]he fact that petitioners may be put to further time and expense is not a sufficient basis for granting the petition. *Weil v. Dann*, 503 F.2d 562, 183 USPQ 300 (CCPA 1974)."

2. *The Commissioner did not abuse his discretion in affirming the board's denial of the motion to restrict.*

■ In deciding Shirouchi's motion to restrict, the Commissioner was required to interpret Rule 247. Interpretation of a rule being a matter of judgment, it is not subject to correction by writ of mandamus. The considerations here are those previously discussed. On the record before us, we cannot say that the Commissioner, in exercising his discretion after consideration of the evidence, reached a conclusion necessarily contrary to a fair and honest evaluation of that evidence. *Van DeVegt*, 98 Colo. at 164, 55 P.2d at 705.

For the reasons stated, we deny the petitions for writ of mandamus.