# UNITED STATES ON THE RELATION OF HALL *v.* PAYNE, SECRETARY OF THE INTERIOR.

**ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.**

No. 95. Argued November 17, 1920.—Decided December 13, 1920.

Whether a homestead right can be initiated by filing an application while the land is reserved to give opportunity for lieu selections by a State, under the Act of 1894, 28 Stat. 394, is a question involving a

construction of that statute which the Secretary of the Interior must decide in determining between such applicant and one who was in possession and made application when the period for state selection expired; and mandamus will not lie to control the Secretary's decision. P. 347.

48 App. D. C. 279, affirmed.

THE case is stated in the opinion.

*Mr. Patrick H. Loughran* for plaintiff in error.

*Mr. Assistant Attorney General Nebeker,* with whom *Mr. H. L. Underwood,* Special Assistant to the Attorney General, was on the brief, for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

This case involves the consideration of a mandamus brought by plaintiff in error, hereinafter called relator, against the Secretary of the Interior.

The proceedings were instituted in the Supreme Court of the District of Columbia by petition and its essential allegations stated narratively are as follows:

The lands in question are within a township which was reserved under an act passed August 18, 1894, c. 301, 28 Stat. 394, from adverse appropriation by settlement or otherwise except under rights found to exist of prior inception, for a period to extend from the application for survey until the expiration of sixty days from the date of the filing of the township plat of the survey in the proper district land office.

The plat of the survey was filed in the proper district land office May 17, 1915. During the sixty-day period, nor since, the described land has not been selected by the State. On June 5, 1915, the relator settled on the land and on July 17, 1915, was still actually residing thereon

with the *bona fide* intention and purpose ot appropriating and entering it under the homestead laws of the United States, in the event that the State of Montana did not select the same in accordance with the statute.

On the latter date, relator filed in the Land Office, perfect app cation for the land as a homestead which the Register and Receiver rejected for the stated reason that on July 16, 1915, they had permitted one George E. Kennedy to make a homestead entry of the lands.

The permission for the entry of Kennedy rested wholly upon an application made May 25, 1915, at a time when the lands were reserved as before stated.

On May 25, 1915, the Register and Receiver rejected Kennedy's application in the following terms: "Rejected May 25, 1915, because land not open to entry until July 17, 1915, except to State of Montana and settlers prior to March 10, 1910."

On June 4, 1915, the Register and Receiver made the following notation upon Kennedy's application: "Suspended June 4, 1915, pending preference right of State of Montana. Rejection of May 25, 1915, hereby revoked."

Theretofore it had been the consistent and uniform practice of the General Land Office to reject any and all filings such as Kennedy's.

Relator appealed from the rejection of his application to the General Land Office and that office affirmed the decision of the Register and Receiver, and relator appealed to the Secretary of the Interior who on July 28, 1916, affirmed the decision of the General Land Office and held that "Kennedy's application being prior in time, is also prior in right."

The Secretary in his decision did not refer to any of the asserted prior decisions or practice, but arbitrarily disregarded the mandate and will of Congress expressed in the Act of August 18, 1894.

Relator at the moment of the expiration of the sixty-day

limit was actually residing on the land with the intention of making entry thereof under the homestead laws, and the right to make such entry after the sixty-day period was secured to him by such residence by the provisions of the third section of the Act of May 14, 1880, c. 89, 21 Stat. 140, and the uniform decisions of the Department of the Interior under said act, and the Secretary of the Interior has arbitrarily denied to him the exercise and enjoyment of that right. And in ruling that Kennedy had acquired a right under the homestead laws relator is deprived of the benefit to him of performance by the Secretary of the Interior of a purely ministerial duty, and he prays that a writ of mandamus be issued, directed to the Secretary to approve his, the relator's application, and deliver to him the proper evidence thereof. General relief is also prayed.

An order to show cause against the petition was issued and served on the Secretary to which he made reply affirming the legality of the action of the local land office, and the decision of the General Land Office affirming it, and his decision of concurrence.

He denies that there had been any ruling by the Secretary of the Interior that during the sixty-day period applications for homestead entry must be rejected. Such, however, he admits, may have been the ruling by the local land office and even by the Commissioner of the General Land Office, but he stated that from August 31, 1910, the construction of the act was pending before the Secretary upon an appeal from a decision of the Commissioner, that a decision upon said appeal is reported in 45 L. D. 37, under the title of *Northern Pacific Ry. Co.* v. *Idaho*, dated April 12, 1916, and that he decided that selections during such period should not be rejected but held suspended until final adjudication of the rights of the State.

He avers that such is the proper construction of the act, and that the act being one of the land laws of the United States, its construction, as well as the determination of all

equitable rights of parties under it, is within the jurisdiction of the Secretary of the Interior so long as the legal title of the land yet remains in the United States, (and that it appears on the face of relator's petition that the legal title of the land in controversy is still in the United States,) and involves the exercise of judgment and discretion, not reviewable by any court on direct proceeding either by mandamus or in equity.

He prays that the rule to show cause be discharged.

Relator demurred to the return and in passing upon it the court observed that there were two questions in the case, one, whether the facts exhibited a case for mandamus of the Secretary, that is, "in apparent defiance of the law, acting capriciously or arbitrarily or beyond the scope of the administrative authority confided to him," the other, the construction of the Act of 1894.

To the first question the court answered negatively, and to the second question replied, that "independently of the question of the propriety of a review of the action of the Secretary of the Interior in the pending case, it would seem that the decision rendered by him was one entirely permissible under the law." The demurrer to the return was therefore overruled. Relator electing to stand upon it, the rule was discharged and the petition dismissed.

This action was affirmed by the Court of Appeals.

It is manifest from this statement that the petition presents a controversy over the true construction of the Act of 1894. From the act, and the Secretary's decision, it is apparent that the latter was not arbitrary or capricious, but rested on a possible construction of the act, and one that the reported decisions of the Land Department show is being applied in other cases. The direction of the act that the lands be reserved "from any *adverse* appropriation" means necessarily an appropriation adverse to the State, and this gives color to the Secretary's view. He could not administer or apply the act without construing

it, and its construction involved the exercise of judgment and discretion. The view for which the relator contends was not so obviously and certainly right as to make it plainly the duty of the Secretary to give effect to it. The relator, therefore, is not entitled to a writ of mandamus. *Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316; *Ness* v. *Fisher,* 223 U. S. 683.

We need not consider the fact that Kennedy, whose application was sustained, is not a party to the petition (see *Litchfield* v. *Register and Receiver,* 9 Wall. 575, 578); nor need we consider whether a more appropriate remedy will be open to the relator. See *Brown* v. *Hitchcock,* 173 U. S. 473; *Minnesota* v. *Lane,* 247 U. S. 243, 249, 250.

*Judgment affirmed.*