**UNITED STATES ex rel. McCABE v. WORK, Secretary of the Interior, et al.**

(Court of Appeals of District of Columbia. Submitted November 3, 1924. Decided December 1, 1924.)

No. 4076.

**1. Mandamus ⟨≈⟩105—Department of the Interior's determination as to discontinuance of pension not reviewable by mandamus.**

Mandamus will not lie to compel resumption of payment of pension to Civil War veteran's widow, discontinued because of widow's open and notorious adulterous cohabitation, under Act Aug. 7, 1882, § 2 (Comp. St. § 8989), where widow was accorded opportunity to be heard before termination of pension, since Department of the Interior's determination in such case is not subject to review by mandamus.

**2. Mandamus ⟨≈⟩4(1)—Will not serve purpose of appeal or writ of error.**

A writ of mandamus will not serve the purpose of an appeal or writ of error.

Appeal from Supreme Court of District of Columbia.

Mandamus by the United States, on the relation of Martha D. McCabe, against Hubert Work, Secretary of the Interior, and another. Judgment of dismissal, and relator appeals. Affirmed.

L. A. Bailey, of Washington, D. C., for appellant.

C. E. Wright, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia, dismissing appellant's

petition for a writ of mandamus to compel the Commissioner of Pensions to restore her name to the pension roll and pay her alleged accrued pension.

Appellant's husband, a Civil War veteran, died in 1895. In 1896 she was granted a pension as his widow. In 1897 it was brought to the attention of the Pension Bureau that appellant had brought herself within the provisions of the Act of August 7, 1882 (22 Stat. 345), providing that "the open and notorious adulterous cohabitation of a widow who is a pensioner shall operate to terminate her pension from the commencement of such cohabitation." Section 2 (Comp. St. § 8989). A preliminary investigation was made, and it is contended that appellant thereupon was duly served with notice to show cause why her name should not be dropped. Within the 30 days allowed, a showing was made, although appellant now contends that such showing was not authorized by her.

The Commissioner weighed the evidence, and found that it justified the termination of appellant's pension, and on August 11, 1897, an order to that effect was duly entered. Thereafter appellant's minor children were pensioned, payment being made to their guardian and not to appellant. These payments terminated in 1903. In 1908 appellant filed a series of petitions for review and an application for restoration, all of which were rejected. Thereupon, in 1919, the petition herein was filed. The trial court found that appellant had due notice of the proceeding which resulted in the discontinuance of her pension. This finding was so clearly justified by the record that we adopt it without discussion.

[1, 2] It is apparent from the foregoing statement that the judgment below was correct. Appellant having been accorded an opportunity to be heard, the most that can be claimed is that the department erred in its conclusions of fact. It is axiomatic, however, that a writ of mandamus will not serve the purpose of an appeal; in other words, that the writ cannot be converted into a writ of error. The department having had jurisdiction of the party and the subject-matter, its determination is not subject to review by mandamus. Donner Steel Co. v. Interstate Commerce Commission, 52 App. D. C. 221, 285 F. 955; Riverside Oil Co. v. Hitchcock, 190 U. S. 316, 23 S. Ct. 698, 47 L. Ed. 1074; Hall v. Payne, 254 U. S. 343, 41 S. Ct. 131, 65 L. Ed. 295.

Judgment affirmed, with costs.

Affirmed.