## UNITED STATES ex rel. ENDICOTT et al. v. MELLON, Secretary of the Treasury, et al.

### No. 5018.

Court of Appeals of District of Columbia. Argued Oct. 8, 1929. Decided March 3, 1930.

506

J. Harry Covington, Spencer Gordon, and Newell W. Ellison, all of Washington, D. C., for appellants.

Leo A. Rover, O. R. McGuire, and Harrison F. McConnell, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District in a mandamus proceeding overruling appellants' demurrer to the answer of appellees and dismissing the petition.

The material facts are as follows: On April 1, 1918, Henry B. Endicott, a citizen of the United States and a resident of Massachusetts, filed his individual income tax return for the year 1917, by which there was shown to be due a tax of $467,071.92. This tax he paid on June 14, 1918, to the collector of internal revenue for the district of Massachusetts. On February 12, 1920, Mr. Endicott died, and letters testamentary upon his estate were granted to appellants. On March 7, 1923, appellants were advised by the Treasury Department "that an additional tax has been found to be due for the year 1917 amounting to $125,310.66, but that a claim for abatement executed on Form 843 may be filed with the Collector of Internal Revenue, with a carbon copy of the letter attached, within ten days after the receipt of notice and demand for payment, which claim will act as a stay to the collection of the tax." Thereafter, on March 27, 1923, appellants filed a claim "on Form 843" as suggested by the Department. We here reproduce the material part of the claim (matter inserted by appellants italicized).

"*Henry B. Endicott (H. Wendell Endicott, Executor u/w Henry B. Endicott, deceased), East Street, Dedham, Mass.* c/o *Gaston, Snow, Saltonstall & Hunt, Shawmut Bank Bldg., Boston, Mass.*

"This deponent, being duly sworn according to law, deposes and says that this statement is made on behalf of the taxpayer named, and that the facts given below with reference to said statement are true and complete:

| Period | | Year |
|---|---|---|
| From | *Jan. 1* | 1917 |
| To | *Dec. 31* | 1917 |

" 1. Business in which engaged *Manufacturer of leather and shoes*

" 2. Character of assessment or tax *Income tax*

" 3. Amount of assessment or stamps purchased.....$125,310.66

" 4. Reduction of Tax Liability required (Income and Profits Tax)

" 5. Amount to be abated .... *125,310.66*

" 6. Amount to be refunded (or such greater amount as is legally refundable).. *1.00*

" 7. Dates of payment (see Collector's receipts or indorsements of cancelled checks) (If statement covers income tax liability, items 8–11, inclusive, must be answered.)

" 8. District in which return (if any) was filed *Massachusetts*

" 9. District in which unpaid assessment appears *Massachusetts*

"10. Amount of overpayment claimed as credit ......$———

"11. Unpaid assessment against which credit is asked; period from to ......$———

"Deponent verily believes that this application should be allowed for the following reasons:" None stated.

On December 29, 1927, the Treasury Department notified the Endicott estate that a review of Mr. Endicott's return for 1917 disclosed overassessments as follows:

"1917 $269,333.32 (Barred by statute $144,022.66. Amount allowed $125,310.66)."

\* \* \* \* \* \*

"With regard to the amount of $144,022.66 for 1917 which is barred by the statute, you are advised that this overassessment results from the allowance as a deduction from net income your pro rata share of partnership excess profits taxes in the amount of $468,100.40, as provided in Treasury Decision #3971. As the claim for refund filed

by you does not cover this point no overassessment can be allowed."

The allowed item had not been collected, and was therefore abated.

Appellants, contending that the paper filed March 27, 1923, was a claim for refund within the letter of the statute and that it was the plain ministerial duty of the Treasury Department to make refund, filed their petition for mandamus. In their answer, appellees asserted that the "purported claim for refund filed March 27, 1923, was not a claim for refund and was not sufficient in law and in fact to constitute a claim for refund as provided by law, * * * in that it sets forth no facts or grounds upon which it is contended that said refund should be made." The case turns upon the solution of this question.

Section 252 of the Revenue Act of 1921 (42 Stat. 268) reads as follows: "Sec. 252. That if, upon examination of any return of income made pursuant to * * * the Revenue Act of 1916, as amended, the Revenue Act of 1917, or the Revenue Act of 1918, it appears that an amount of income, war-profits or excess-profits tax has been paid in excess of that properly due, then, notwithstanding the provisions of section 3228 of the Revised Statutes, the amount of the excess shall be credited against any income, war-profits or excess-profits taxes, or installment thereof, then due from the taxpayer under any other return, and any balance of such excess shall be immediately refunded to the taxpayer: Provided, That no such credit or refund shall be allowed or made after five years from the date when the return was due, unless before the expiration of such five years a claim therefor is filed by the taxpayer. * * * "

To entitle a taxpayer, who has paid a tax in excess of that properly due, to a refund under the Act of 1921, he must have filed within five years after his return was due "a claim therefor." The paper filed in this case was dated March 27, 1923, a few days before the expiration of the five-year period, but admittedly "it set forth no facts or grounds" upon which it was contended the refund should be made. The overpayment was not discovered until several years thereafter. To entitle appellants to the relief prayed, it must appear that the paper of March 27, 1923, within the meaning of the statute, so clearly constituted a claim for the overpayment that the decision of the Commissioner to the contrary was arbitrary or capricious. Work v. United States ex rel. Rives, 267 U. S. 175, 183, 45 S. Ct. 252, 69 L. Ed. 561. Literal compliance with statutory requirements as to the filing of such a notice may be insisted upon by the Commissioner. Tucker v. Alexander, 275 U. S. 228, 231, 48 S. Ct. 45, 72 L. Ed. 253. In this case literal compliance has been insisted upon. What, therefore, is "a claim" for refund within the meaning of the statute? Some one had to determine whether the conditions of the statute had been met. Manifestly, the statute contemplated something more on the part of the taxpayer than a mere statement that if upon examination of the return it should appear that a tax had been paid in excess of that properly due a refund was claimed.

It is the Commissioner who determines whether an overpayment has been made, and it is for him therefore to determine whether an alleged claim of refund complies with the statutory requirements. He has found that the notice in this case did not, because it failed to apprise him of any facts or circumstances upon which the right to refund was based. He was therefore called upon to exercise judgment and discretion, and we cannot say that his decision was either arbitrary or capricious. Whether the court would have reached the same conclusion is not the question, for it is elementary that mandamus may not be made to serve the function of a writ of error. Ness v. Fisher, 223 U. S. 683, 32 S. Ct. 356, 56 L. Ed. 610; Hall v. Payne, 254 U. S. 343, 41 S. Ct. 131, 65 L. Ed. 295.

We are constrained to affirm the judgment.

Affirmed.