MEMORANDUM
ADKINS, J.
This is a suit for a writ of mandamus to compel the Secretary of War and the Chief of the National Guard Bureau in the War Department to rescind their withdrawal of Federal recognition of petitioner General Ransom H. Gillett as Brigadier General in the National Guard of the state of New York. The case is heard upon demurrer to the answer of the respondents.
General Gillett has been a member of the National Guard for more than thirty years. He served at the Mexican Border and later in the World War. During the war he was promoted *127 rapidly and served overseas as a Major. He was wounded in battle in France. After the war he continued his service in the National Guard of New York and at the present time is a Brigadier General. In 1928 he was placed on the Emergency Officers’ Retired List of the Army and since has received the retired pay of a Major.
It was customary when the War Department approved an officer of the National Guard to issue to such officer a commission in the Reserve Corps for a similar office, and General Gillett received such a commission as Brigadier General.
It is admitted that General Gillett is in every way qualified for the office he holds in the National Guard and that he is an officer of skill and ability and is a man of the highest character.
The Army Appropriation Act of March 3, 1933, contained the following language:
“No part of the appropriations made in this Act shall be available for pay, allowances, or traveling or other expenses of any officer or enlisted man of the National Guard who may be drawing a pension, disability allowance, disability compensation, or retired pay from the government of the United States: Provided, That nothing in this provision shall be so construed as to prevent application of funds herein contained to the pay, allowances, or traveling expenses of any officer or enlisted man of the National Guard who may surrender said pension, disability allowance, disability compensation, or retired pay for the period of his service in the National Guard; Provided further, That present Adjutants be continued in a federally recognized status without pay under this act.”
The Act of June 15, 1933, entitled “An Act to amend the National Defense Act of June 3, 1916, as amended” provided in section 11:
“Officers or warrant officers of the National Guard who are in a federally recognized status on the date of approval of this Act shall take the oath of office herein prescribed and *128 shall be appointed in the National Guard of the United States in the same grade and branch without further examination, other than physical, within a time limit to be fixed by the President, and shall in the meantime continue to enjoy all the rights, benefits, and privileges conferred by this Act.”
On the date of the approval of that Act General Gillett was a Brigadier General in the National Guard of New York, and was in a federally recognized status.
General Gillett declined to surrender his Federal pay as a retired officer and also declined to resign from the National Guard.
The Judge Advocate General of the Army construed the Appropriation Act above quoted to mean that Federal approval was to be withdrawn from all National Guard officers, except Adjutants, who refused to surrender their retired pay.
On August 1, 1933, petitioner was notified by the Adjutant General of the Army that Federal recognition of him as an officer of the National Guard had been withdrawn as of June 30, 1933.
1. In my opinion the Appropriation Act is capable of the construction adopted by defendants. Counsel agree that this is the question involved.
The first portion provides that no part of the moneys appropriated by the Act shall be used for the purpose of paying officers in the National Guard who may be drawing retired pay from the United States. Standing alone this would seem to permit plaintiff to continue as an officer without pay as such officer.
The first proviso directs that if a National Guard officer surrenders his retired pay for the period of his service in the National Guard he may receive pay as a National Guard officer, that is, in order to receive such pay he must surrender his retired pay for the entire period he thereafter remains in the National Guard. This adds something new to the meaning of the preceding portion of the Act.
*129 The second proviso states that Adjutants in the National Guard who do not surrender their retired pay may be continued in a federally recognized status but that they shall not receive pay as National Guard officers.
Plaintiff says this proviso added nothing new. But the rule of construction is that all the language of a statute should receive some meaning.
This proviso does suggest that Congress intended if the National Guard officer should refuse to surrender his retired pay while serving in the National Guard he should not receive Federal recognition unless he happened to be an adjutant.
This is the construction given to the statute by defendants.
It seems to me the case comes within the language in Wilbur, Secretary, etc. v U. S., 281 U. S. 206, 219:
“Where the duty is not thus plainly prescribed but depends upon a statute or statutes the construction or applicar tion of which is not free from doubt it is regarded as involving the character of -judgment or discretion which cannot be controlled by mandamus.”
In Hall v. Payne, 254 U. S. 343, 347, the Supreme Court said:
“He could not administer or apply the act without construing it, and its construction involved the exercise of judgment and discretion. The view for which the relator contends was not so obviously and certainly right as to make it plainly the duty of the Secretary to give effect to it. The relator, therefore, is not entitled to a writ of mandamus.”
2. Defendant also contends that the President has a right in his discretion to refuse Federal recognition to any officer in the National Guard even though such officer was in a federally recognized status on June 15, 1933. Defendants rely upon Myers v. U. S., 272 U. S. 52, in which it is held that the President may remove at his discretion a postmaster who was *130 appointed for a definite period. Defendants argue the same rule applies to recognition by the President of National Guard officers. This contention seems to me to be reasonable. At any rate I have not reached the conclusion that it is incorrect.
The President has through the War Department withdrawn Federal recognition from General Gillett. So that even if the statute has been erroneously construed by the War Department the Court is without authority to compel the Secretary of War to grant Federal recognition to General Gillett.
Therefore the demurrer should be overruled and the petition denied.