**Rubin CATES**

v.

**C. Edwin GRAVES, Postmaster, Knoxville, Tennessee, I. C. Patterson, Jr., Post Office Department, Memphis, Tenn. and Lawrence F. O'Brien, Postmaster General of the United States, Washington, D. C.**

**Civ. A. No. 6052.**

United States District Court
E. D. Tennessee, N. D.

Feb. 21, 1968.

John D. Lockridge, Ambrose, Wilson, Thomas & Lockridge, Knoxville, Tenn., for plaintiff.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

Plaintiff, Rubin Cates, a citizen of Knoxville, Tennessee, filed this action against defendants, C. Edwin Graves, Postmaster, Knoxville, Tennessee; I. C. Patterson, Jr., Post Office Department, Memphis, Tennessee, and Lawrence F. O'Brien, Postmaster General of the United States, seeking a vending stand in the Lee Street Annex of the Knoxville Post Office. He charges that he contacted the defendant Graves on various oc-

casions in an effort to obtain a permit but was refused. He then sought assistance from defendant Patterson, but was again refused.

A mandatory injunction is sought ordering the defendants to permit him to operate a vending stand or vending machines at the Lee Street Annex to the Knoxville Post Office. Jurisdiction is based on Title 28 U.S.C. Section 1339 [1] and Title 20 U.S.C. Section 107 [2].

Plaintiff charges that he is legally blind as defined under 107e (b) of the Randolph-Sheppard Act and that he has qualified with the State of Tennessee, Department of Welfare, Rehabilitation for the Blind, to operate vending stands in federal buildings.

Plaintiff further charges that the Lee Street Annex of the Knoxville Post Office employs approximately 75 persons per shift and that three shifts per day are used for the purpose of handling the distribution of bulk mail. That there is an obvious need for a vending stand in this location but the defendants have arbitrarily, capriciously and discriminatorily denied him the right to either locate a vending stand there or to take over the operation of the vending machines. That as a result of the alleged arbitrary, capricious and discriminate refusal to grant him the right to operate said vending machines defendants have violated Title 20 U.S.C. § 107.

Plaintiff further charges that the matter of granting permit to him is not discretionary since the law gives preference to blind persons where there is a need for a vending stand or vending machines and that the defendants are exceeding their lawful authority by refusing to grant him said permit in violation of the Act.

Defendants have moved for a dismissal or in the alternative for summary

---

1. "The district court shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service."

2. This section provides that licensed blind persons shall be authorized to operate vending stands on any federal property where such vending stands may be properly and satisfactorily operated by blind persons. Blind persons shall be given preference by a state agency authorized to license them.

judgment upon the following grounds: (1) that the state licensing agency is the proper person to bring the action under 20 U.S.C. §§ 107–107f; (2) that the Court lacks jurisdiction because the suit is in reality a suit against the Government and the Government has not consented to the suit; (3) that administrative remedies have not been exhausted; (4) that the complaint fails to state a claim upon which relief can be granted.

Title 39 C.F.R., Section 614.1(a)[3] provides for the certification of blind persons to operate vending machines on federal property by the licensing agency of the state where the federal property is located. The Department of Health, Education and Welfare designates the state agency.

Application for the operation of vending machines on federal property shall be submitted by the state agency in quadruplicate on a form provided by the Department of Health, Education and Welfare to the postal official in charge of the building involved for approval or disapproval. Subsection b.[4]

If an application submitted by a state licensing agency for a permit is not approved by the director, engineering and facilities division, the agency may appeal his decision. Subsection (d).[5]

3. "(a) *To certified blind persons.* Blind persons, when available and duly certified by a State licensing agency, designated by the Department of Health, Education and Welfare, shall be authorized and have preference in the installation and operation of vending stands on property operated, maintained, and protected by the Post Office Department, provided that in the judgment of the Post Office Department, the installation and operation of the stands are considered practicable and will not unduly inconvenience the Post Office Department or adversely affect the interests of the United States."

4. "(b) *Preparation and submission of applications.* Applications for installation and operation of vending stands, including vending machines, to be operated by licensed blind persons, shall be submitted by the State licensing agency in quadruplicate on the form provided by the Department of Health, Education and Welfare to the postal official in charge of the building involved for his recommendation for approval or disapproval. If the official in charge recommends approval he shall sign all four copies on the line designated 'Officer in charge of building' and transmit all copies to director, engineering and facilities division for the region in which the building is located for approval or disapproval. If an application by a State licensing agency for a permit to establish a vending stand under the Randolph-Sheppard Vending Stand Act is not recommended for approval by the official in charge, the transmittal shall show reasons for the disapproval. Applications submitted by postal officials will be reviewed by the director, engineering and facilities division. If approved by him, he will sign all four copies of the form on the line designated 'Official of U.S. Department having jurisdiction over building' and will retain one copy. Three copies, indicating the action taken, will be returned to the official concerned. He shall retain one copy in his files and transmit the others to the State licensing agency making application. If the director, engineering and facilities division disapproves the application he shall advise the postmaster and applicant of the reasons."

5. "(d) *Appeals—(1) Installation, maintenance, and operation.* If an application by a State licensing agency for a permit to install and operate a vending stand is not approved by the director, engineering and facilities division, the agency may appeal his decision. The appeal shall be made within 10 days to the Assistant Postmaster General, Bureau of Facilities through the Regional Director in the region denying the application. Upon appeal the Regional Director will direct a full investigation obtaining a report from the director, engineering and facilities division and from the State licensing agency. The Regional Director will report his findings and make recommendation within 20 days after receipt of the appeal to the Assistant Postmaster General, Bureau of Facilities who will render a final decision for the Post Office Department within 90 days of filing of the appeal. The appellate procedure is also available when the State licensing agency and the local installation's manager or the director, engineering and facilities division, fail to reach agreement concerning revocation or modification of a permit, suitability of a stand location, or method of operation of the stand. After a review of the findings, if in the

The post office department reserves the right to require state licensing agencies to arrange for modification, removal or relocation of vending stands when necessary because of changes in building operations or space requirements. Section 614.3.

■ The Act gives the Government discretion in determining whether the machines may be properly and satisfactorily operated by blind persons. Section 107 of the Act.[6]

Executive departments are authorized to prescribe regulations designated to assure preference to blind persons without unduly inconveniencing such department and agencies or adversely affecting the interest of the United States. Section 107.[7]

The state licensing agency, with the approval of the head of the Department in control of the maintenance operation and protection of the federal property, is authorized to select a location for a vending stand on federal property. 107a (c).[8]

Before a blind person may operate a vending machine on federal property the following requirements must be met: (a) He must be licensed by the state agency to operate. (It is charged in the complaint that plaintiff has met the requirements of the state agency and it may reasonably be inferred from this allegation that plaintiff is duly licensed by the state agency.) (b) Blind persons must be certified by the state agency to operate vending machines on property maintained by the post office department and the post office department must determine that the operation of the stands is considered practical and will not unduly inconvenience it or adversely affect the interest of the United States. (Plaintiff does not charge that he has been certified by a state agency to operate a vending stand in the Lee Street Annex.) (c) Applications to operate vending stands on federal property shall be submitted by the state licensing agency in quadruplicate on the form provided by the Department of Health, Education and Welfare. If the Government official in charge recommends approval he shall sign all four copies on the line designated "officer in charge of building" and transmit all copies to the director of engineering and facilities division for the region in which the building is located for approval or disapproval. If the permit is not recommended by the officer in charge, the transmittal shall show reasons for the disapproval. (It is not charged that the state agency submitted an application for plaintiff to operate a vending stand on the property under consideration.) (d) If an application by the state licensing agency is not approved, the agency

judgment of the Regional Director the appeal should be allowed, he shall notify the State licensing agency without forwarding the case to the Assistant Postmaster General, Bureau of Facilities. If he determines the decision of the director, engineering and facilities division, or the local installations manager should be upheld, he must notify the Assistant Postmaster General, Bureau of Facilities, who will make the final decision."

6. " * * * blind persons * * * shall be authorized to operate vending stands on any Federal property where such vending stands may be properly and satisfactorily operated by blind persons. * * * "

7. " * * * the head of each department or agency in control of the maintenance, operation, and protection of Federal property shall, after consultation with the Secretary, and with the approval of the President, prescribe regulations designed to assure such preference (including assignment of vending machine income to achieve and protect such preference) for such licensed blind persons without unduly inconveniencing such departments and agencies or adversely affecting the interests of the United States."

8. "(c) The State licensing agency designated by the Secretary is authorized, with the approval of the head of the department or agency in control of the maintenance, operation, and protection of the Federal property on which the stand is to be located but subject to regulations prescribed pursuant to section 107 of this title, to select a location for such stand and the type of stand to be provided. * * * "

may appeal the decision. (The complaint fails to charge that these provisions of the regulations were met.)

■ A court should not interfere with the administration of the post office in approving places of operation for vending machines on federal property or the designation of the blind person or persons to operate them unless it is reasonably clear that the Randolph-Sheppard Act has been violated. National Life Insurance Company of United States v. National Life Insurance Company, 209 U.S. 317, 325, 326, 28 S.Ct. 541, 52 L.Ed. 808.

■ Findings of fact by officers in charge of departments of the Government are conclusive unless palpable error appears. Central Trust Co. v. Central Trust Co., 216 U.S. 251, 261, 30 S.Ct. 341, 54 L.Ed. 469.

■ Mandatory injunction or mandamus writs will not be issued to control the discretionary acts of government officials. United States ex rel. Girard Co. v. Helvering, 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 1272; Hall v. Payne, 254 U.S. 343, 347, 348, 41 S.Ct. 131, 65 L.Ed. 295; United States ex rel. Alaska Smokeless Coal Co. v. Lane, 250 U.S. 549, 40 S.Ct. 33, 63 L.Ed. 1135.

■ In the opinion of the Court there is no basis under the allegations of the complaint for the issuance of a mandatory injunction.

■ Administrative remedies provided for in Title 39 C.F.R. Section 614.1 (b) and (d) were not exhausted, but in view of the holding of the Court that the case must be dismissed on other grounds, it is not deemed necessary to pass on the question of whether failure to exhaust administrative remedies is fatal to plaintiff's cause of action. This conclusion also applies to the jurisdictional question raised by the defendants. The Court observes, however, that the action appears to be against the Government since the defendants are sued as employees or officers of the Government and the wrong alleged to have been com-

mitted by them occurred in the performance of their duties as Government employees. If the action of an officer of the Government does not conflict with the terms of his statutory authority, and the statute under which he acts is constitutional, such action is that of the sovereign. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 695, 69 S.Ct. 1457, 93 L.Ed. 1628.

For the reasons indicated, defendants' motion for dismissal or for summary judgment must be sustained.