Adam WILSON, Plaintiff,

v.

Marvin WATSON, Postmaster General of the United States, et al., Defendants.

Joe LOYA and State Board of Social Welfare, Division of Services for the Blind, Plaintiffs,

v.

Marvin WATSON, Postmaster General of the United States, et al., Defendants.

Civ. A. Nos. KC–2793, T–4483.

United States District Court, D. Kansas.

Oct. 23, 1968.

264

---

Durward K. McDaniel, Washington, D. C., Robert M. Brown, Topeka, Kan., for Adam Wilson and Joe Loya.

Charles V. Hamm, State Board of Social Welfare, Topeka, Kan., for State Bd. of Social Welfare, Division for the Blind.

Benjamin E. Franklin, U. S. Atty., Thomas E. Joyce, Asst. U. S. Atty., Kansas City, Kan., for defendants.

## MEMORANDUM OF DECISION

TEMPLAR, District Judge.

On May 29, 1968, plaintiff Wilson filed a complaint in this Court under provisions of 5 U.S.C. §§ 701–706; 20 U.S.C. § 107; 28 U.S.C. § 1361; 28 U.S.C. § 2201; and Rule 65 of the Federal Rules of Civil Procedure. The action bears Clerk's number KC–2793. He alleged that his claim has a value of more than $10,000, and claims that the basis of his action requires an interpretation of the United States Constitution, Acts of Congress, and Federal regulations.

In substance, plaintiff alleged in that case that he was a licensed blind operator of a vending concession in the Federal Building at 812 North 7th Street, in Kansas City, Kansas, and that he was licensed for such purpose by the State Board of Social Welfare, Division of Services for the Blind, pursuant to 20 U.S.C. § 107; that such agency is the one designated by the Secretary of Health, Education, and Welfare to license blind operators for vending concessions on Federal and other property in the State of Kansas; that defendants Watson, Mullen and Meyer are officials exercising de facto control over the Federal property affected by this action and threaten action adverse to plaintiff's rights; that defendant Knott is custodian of Federal property under control of General Services Administration with the power and duty to regulate vending concessions on property occupied by the Post Office Department.

The plaintiff further alleged that Canteen Corporation has a number of vending machines located and operated on Federal leased property at Tenth and Pacific Streets in Kansas City, Kansas, under an agreement between the Post Office Department and the State Board of Social Welfare, Division of Services for the Blind, as authorized by 20 U.S.C. § 107; that a portion of net proceeds from operation of these vending machines has been assigned to plaintiff and amounts to approximately $50.00 per week, and is about one-half of plaintiff's income by which he supports himself and family. Plaintiff further alleges that defendants and the Post Office Department have arbitrarily exceeded their authority and duty in canceling the agreement contrary to provisions of Randolph-Sheppard Act (20 U.S.C. § 107 et seq.), and P.O. Regulation, 30 CFR 614.-3, because the order of cancellation is based on reasons other than those authorized by the regulation, the reason being, in substance, that the Post Office Department had entered into agreements with postal employees' organizations whereby the vending machines in workrooms or swingrooms of post office facilities were to be operated for the benefit of such postal employees' organizations and excluding machines operated by licensees of the State Department of Social Welfare; that the Postmaster General has arbitrarily exceeded his authority and power in entering into such agreements with the employees' organizations and the contracts made with the postal employees' unions are in contravention of the statutory sanction of the programs and authority created by the Randolph-Sheppard Act.

The plaintiff also alleges that defendant Knott, acting for General Services Administration, defaulted in his duty by undertaking to exempt the Post Office Department from regulations governing vending concessions on Federal property and particularly 41 CFR § 101–19.200b; that compliance with the Post Office order to remove the machines from the workroom or swingroom would cause a pecuniary loss to the Canteen Corporation as would the restoration or replacement of the machines on the premises.

Plaintiff asks that the defendants be restrained from carrying out the order of the Post Office Department requiring the state licensing agency to remove the machines from the premises of the Post Office at Tenth and Pacific, in Kansas City, Kansas, to prevent irreparable pecuniary loss to plaintiff and unjust expense to Canteen Corporation; also for declaratory judgment construing validi-

ty of union contracts with the Post Office Department and their constitutionality, and the statutory power of the Postmaster General to make such agreements; and, likewise, construing power of defendant Knott to delegate authority of General Services Administration relating to vending concessions to the Post Office Department; interpreting and construing 39 U.S.C. § 501 and 20 U.S.C. § 107, as they apply to machines on Federal property and construing authority of the Postmaster General to grant employees a concession for their private profit, operated on Federal property, without regard to work performed or salaries earned by such employees.

On May 29, 1968, on application of the plaintiff, the Court issued a temporary restraining order directing defendants not to remove machines from the Post Office Building at Tenth and Pacific Streets, in Kansas City, Kansas. The machines have not been removed and the matter has been left "as is" pending the determination of the case.

Thereafter, on June 10, 1968, defendants filed a motion to dismiss the action, or in the alternative for summary judgment, on the following grounds:

1. The Court lacks jurisdiction for the reason that the action is in reality a suit against the United States to which it has not consented.

2. The complaint fails to state a claim upon which relief can be granted.

3. The action is not instituted by the real party in interest.

4. The action seeks to control the discretionary acts of government officials.

The parties entered into a pre-trial stipulation which provided, in substance, that the issues of the case are as follows:

1. The issues raised in the motion of the defendant to dismiss or in the alternative for summary judgment.

2. Can the permit or license from the Postmaster to the State Board of Social Welfare be revoked under the facts involved in the action?

3. Is the delegation as published in the Federal Register by General Services Administration to the Post Office Department or Postmaster General relative to the regulation and establishment of vending machines in the swingrooms and workrooms of post offices in premises under control of the Postmaster valid?

4. Are regulations promulgated by the Post Office Department signed by the General Counsel of the Post Office Department pertaining to the regulations of vending stands or machines in swingrooms and workrooms and other parts of buildings under the control of the Post Office Department valid?

5. Is the contract between the postal unions and the Postmaster General valid, or, in other words, did the Postmaster General have authority to enter into such union contract and empower employee welfare committees to contract for operations of vending machines through open competitive bidding and to derive revenue from vending machines in swingrooms and workrooms?

6. Is the plaintiff a proper person to maintain this action, and, if so, has he exhausted his administrative remedies?

On August 1, 1968, plaintiff filed an amended and supplemental complaint alleging, in substance, that agency actions complained of are void because they are contrary to the provisions of the Randolph-Sheppard Act and official regulations promulgated thereunder; that the regulations promulgated under which defendant Postmaster General purports to act are void because they are not adopted in the manner required by law; that the agency actions complained of are con-

trary to the decisions of the Comptroller General; that the agency actions complained of are against public policy because they are an unlawful supplementation of salaries of Federal employees through private concessions; that they are void because they are in violation of the provisions of the Randolph-Sheppard Act. Plaintiff, by such amended and supplemental complaint, seeks an adjudication that the regulations of the Postmaster General are invalid; that the decisions of the Comptroller General control; and that the applicability of 18 U.S.C. § 209 and 31 U.S.C. § 484 to the issues of this case should be construed.

Thereafter, and on August 1, 1968, plaintiff filed a motion for summary judgment.

From the record, it is made to appear that on August 4, 1968, plaintiff Wilson died, and on August 5, 1968, defendants filed a motion asking that the action be abated because no rights asserted by plaintiff inured to his estate.

On August 8, 1968, defendant State Board of Social Welfare, Division of Services for the Blind, filed an answer and cross-complaint, adopting the allegations of plaintiff Wilson's complaint, and further alleging that it is the state licensing agency designated by the Secretary of Health, Education, and Welfare to license blind operators of vending concessions on Federal and other property in Kansas; and that it is directed by law to secure locations for vending machines to be operated by blind persons chosen by such defendant.

The defendant, State Board of Social Welfare, Division of Services for the Blind, then, on August 15, 1968, filed its motion for summary judgment. On August 16, 1968, one Joe Loya filed a motion to intervene in such action on the ground that he is a licensed blind vending stand operator, having been so licensed for that purpose by the defendant, State Board of Social Welfare, Division of Services for the Blind, and that he has been assigned by that licensing agency to succeed to the vending stand operations formerly conducted by Adam Wilson, now deceased. To this motion to intervene, the defendant, United States of America, on August 28, 1968, filed a motion to strike the motion to intervene of Loya and the cross-complaint of the State Board of Social Welfare because, as it alleged:

(1) The pleading was filed out of time, without leave of Court and after the action had abated.

(2) The claim attempted to be set up is an action against the United States for which no consent has been given to sue it.

(3) The cross-claim does not state facts upon which relief can be granted.

On September 3, 1968, a complaint was filed by Joe Loya and the State Board of Social Welfare, Division of Services for the Blind, against defendants Watson, Mullen, Meyer, and Knott, named in Case No. KC-2793, as defendants therein. This action bears Clerk's Case No. T-4483. Substantially, it makes the same allegations as were contained in the complaint, the amendment and supplemental complaint in Case No. KC-2793, except that Canteen Corporation is not included in the action.

Thereafter, on September 3, 1968, plaintiffs in Case No. T-4483, and cross-claimant, State Board of Social Welfare, in Case No. KC-2793, filed separate motions to consolidate the two actions because both involve a common question of law or fact.

■ The motion of defendants to abate the action of Wilson v. Watson, being Case No. KC-2793, will first be considered. This motion will be considered under the provisions of Rule 25. Though plaintiff Wilson's death abated his action as to his claims, the Court believes it is perfectly proper to proceed despite his death on rights and claims existing between the remaining parties, and the motion of defendants to abate the entire action must be denied, and the motion to strike the cross-complaint of the defendant, State Board of Social Welfare, must be overruled.

■ Since Case No. KC–2793 and Case No. T–4483 involve substantially the same fundamental questions and the same basic requests for relief, they will be consolidated for the purpose of considering the cross-motions of the parties for summary judgment.

The defendants, Post Office officials, contend:

(1) That the Court lacks jurisdiction;

(2) That complaint of Loya and State Board of Social Welfare and the cross-complaint of the State Board of Social Welfare fail to state a claim on which relief can be granted;

(3) The action seeks to control discretionary functions of Government officials.

■ The parties entered into a stipulation in KC–2793, which the Court believes is substantially applicable to both cases. Defendants question the Court's jurisdiction but the Court now rules that under the pleadings before the Court, jurisdiction lies, as claimed under provisions of 28 U.S.C. § 1339, 5 U.S.C. § 702, and under the well-known rule that an action may be maintained against an officer of the United States if the officer is not doing the business which the sovereign has empowered him to do or is doing it in a way which is forbidden. See Larson v. Domestic and Foreign Commerce Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628.

Plaintiff's right to relief must rest upon the laws of the United States and the privileges granted by Congress to blind persons under the so-called Randolph-Sheppard Act, 20 U.S.C. § 107, and pursuant to regulations provided for and adopted under the provisions of said Act.

Plaintiff Loya is successor licensee of plaintiff Wilson, deceased, by license of the State Board of Social Welfare, Division of Services for the Blind, to operate a vending stand operation in a Federal Building in Kansas City, Kansas. He is now operating this stand which is in a building under control of General Services Administration, and no question is presented here as to the right of Loya to operate that stand as licensee of the State Department. The dispute arises over an installation of vending machines in the "workrooms and swingrooms utilized by postal employees" in a building located at Tenth and Pacific in Kansas City, Kansas, under the jurisdiction and operated by the Post Office Department and located a distance of two miles from the building in which Loya's stand is located and operated.

The space in which the vending machines were installed was provided for by an application (Exhibit A) to the Post Office Department by the licensing agency of the Secretary of Health, Education, and Welfare, for leave to do so, and the approval of the application by the Acting Postmaster on July 2, 1968. The application and acceptance provided that:

"It is agreed that this stand will be removed by the licensing agency at any time upon request of the Federal Department in charge of this building."

Following the approval of the application for space by the Postmaster, the Canteen Company of Kansas City, proposed to place vending machines in the space so approved and agreed to pay certain commissions to the blind fund out of which allocations were made to supplement income for licensed blind persons whose profits from stands which they operated are insufficient to provide such licensee with an adequate income as provided by the terms of 39 CFR 743.5, and Postal Regulations 743.541.

It appears that for the past several years this arrangement has been continued and the income (commissions) paid to the licensee of the State Department of Welfare to supplement the income received from the operation of the stand by a licensee in the Federal Building located at 812 North 7th Street in Kansas City, Kansas.

Now, the defendants have, as June 1, 1968, notified the State Board of Social

Welfare that the agreement of July 2, 1958 is terminated and that blind operators will no longer derive any income from the net proceeds of the vending machines operated in the Post Office Building. Defendants have also ordered that the vending machines in question be removed from the Post Office Building by Canteen Corporation. This termination of the agreement relating to the vending machines in the Post Office Building does not affect the licensing of blind persons to operate a vending stand in the Federal Building on Seventh Street, and plaintiff Loya is so operating it.

Plaintiffs insist that this action by the Post Office Department is arbitrary and that it unlawfully deprives the plaintiffs of rights and interests they have and defeats the congressional purpose and intent expressed in 20 U.S.C. § 107. This Court is extremely sympathetic to the claims of plaintiffs and would agree that if the Congressional Act relied upon granted the right in them that cannot be interfered with by the defendants, then they are entitled to a declaratory judgment so concluding, to an order requiring defendants to conform to such a judgment, and to an injunction prohibiting the defendants from enforcing their order to remove the vending machines from the Post Office Building.

The Court has reviewed the maze of laws and regulations adopted by the different government agencies involved. Plaintiffs' claim must be sustained, if at all, on the basis of rights afforded them under the terms and provisions of the Randolph-Sheppard Act, and the rules and regulations adopted pursuant thereto, and not upon the contentions that officers of the Postal Department are failing to follow guidelines set out for them under statutes and regulations controlling their activities as officers of the Postal Department.

41 CFR 101–19.200 is a regulation adopted for the purpose of assuring the granting of preference to blind persons licensed under the provisions of the Ran-dolph-Sheppard Act for the operation of vending stands and machines. The regulation was issued after consultation with the Department of Health, Education, and Welfare, and with approval of the Bureau of the Budget. Subsection (b) of such regulation, reads as follows:

"The regulation in this subpart shall apply to Federal property owned, leased, or occupied by the United States over which General Services Administration has control of the maintenance, operation, and protection, except space used by Post Office Department as workrooms, swing rooms, and locker rooms. Vending machines and stands in these rooms are governed by regulations issued by the Post Office Department."

The applicable Postal regulation appears to be 743.541. It provides, in substance, that profits from all vending machines presently operated by a licensed blind operator of a lobby stand, either in conjunction with his stand or in other areas of the *same building* under control of the Post Office Department shall be assigned to the blind operator. (Emphasis supplied.) The defendants properly contend that the swingroom, workrooms and locker rooms in the Post Office Building are not in the same building as is plaintiff's vending stand, and, for this reason, income or revenue from them is not properly assignable to the plaintiff or plaintiff's licensee.

Plaintiff Loya makes no claim that he has not been given preference with respect to the stand itself in the Federal Building on Seventh Street. The essence of plaintiff's claim is that by assuring blind persons of a preference in the operation of vending machines on Federal property, the Randolph-Sheppard Act does not permit the Post Office Department to cancel a lease which plaintiffs held and then authorize employee committees to operate vending machines in the same space. The claim of plaintiffs, simply stated, is that the rules and regulations of the Post Office Department

violate the provisions of the Randolph-Sheppard Act. But here, plaintiffs have no vending machines in the building where is located the vending stand operated by licensee Loya. As defendants insist, the vending machines are in the workrooms and swingrooms of the Post Office Building, two miles away. Plaintiffs do not contend these machines are being operated in close proximity to the vending stand in the Federal Building or that they are in competition with the stand.

Thus, the question arises, where for the past several years commissions from vending machines have been assigned to the blind operator of a stand in another building, may the officers of the Post Office Department, under any valid regulation, require the removal of the vending machines and thus withdraw from the licensed blind operator of the stand, the supplemental income from them.

The claim of plaintiffs that the Postal regulations and the actions of the defendants under them are invalid and illegal because they are contrary to the provisions of the Randolph-Sheppard Act presents the threshold question here for if this contention of the plaintiffs is correct, then summary judgment does not lie for the defendants.

The Court cannot say that the regulations herein set forth are invalid. While the Act provides that "preference shall be given, so far as feasible, to blind persons * * * to operate vending stands," no explicit provision is made for a preference with respect to automatic vending machines. The legislative history, upon examination, reveals that Congress considered the competition which blind vending stand operators must experience from employee-operated automatic vending machines and rejected proposals designed to insure that they would be given such preference. At 100 Congressional Record, 9923, it appears that an amendment which would have given blind operators preference for vending machines was considered and sent to the Conference Committee. Then at 100 Congressional Record, 9958–60, it appears that the House discussed the question of whether blind operators or employee committees should operate and receive profits from automatic machines, and also a proposal was advanced which would have given the blind operator this right but was not adopted. As finally passed by Congress, the provisions of the Randolph-Sheppard Act contain no preference for operation of vending machines by blind persons. See 100 Congressional Record, 10829, 10831. The claim of plaintiffs that a blind licensee has the exclusive right to operate vending machines in a Post Office Building is not sustained by the record. Though it may be argued that the regulations adopted and under which defendants are acting, are contrary to the spirit and purpose of the Randolph-Sheppard Act, since it certainly was the purpose of that legislation to provide a means for blind persons to become self-supporting, the Court cannot overlook the fact that the interpretation upon which plaintiffs insist was definitely rejected by the Congress which enacted the law.

The Court does not interpret 20 U.S.C. § 107 so as to give licensed blind persons the exclusive right to operate vending machines in buildings controlled by the Post Office Department. Though the contention is advanced by plaintiffs that regulations under which defendants claim authority to dispossess them are not only invalid because in contravention of the provisions of 20 U.S.C. § 107, but because these regulations were not made after consideration with the Secretary, and with "the approval of the President," as that law requires, the Court must find from the record before it that the published regulations are, by law, prima facie evidence of the text of the original documents and are required to be judicially noticed. 44 U.S.C. § 307. They have the force and effect of law. Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10; United States v. Millsap, D.C., 208 F. Supp. 511, 516. Though the presumption of the validity of a regulation published in the Federal Register may be over-

come, the contention here that the President did not approve the regulation so adopted and filed cannot be sustained because it appears that the authority of the President to approve the regulation was by him legally delegated to the Director of the Bureau of the Budget, and there is no showing that such approval was not given. Presumably, it was.

The Court must determine from the record before it that under validly adopted regulations, the defendants have acted within the authority granted to them. The plaintiffs do not have, under the provisions of 20 U.S.C. § 107, nor under any regulation thereunder, the irrevocable right to receive the profits from vending machines not operated in conjunction with a blind licensee's stand and not in the same building. The agreement under which the machines had been operated for plaintiffs' benefit was specifically subject to termination by the defendants, and such termination is not unauthorized or illegal. The fact that income from the machines may be diverted to Postal Employees' Associations is not an act which plaintiffs have standing to challenge. There is no invasion of the legal rights of plaintiffs which they have standing to protect and though the disposition of the income from operations of the vending machines may be illegal, as plaintiffs assert, still they lack standing to enjoin such action and the officials of the Post Office Department because no invasion of their legal rights exists. Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108; Tennessee Electric Power Co. v. T. V. A., 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543; Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 66 S.Ct. 219, 90 L.Ed. 140. Nor can the Court sustain the claim of plaintiffs that defendants' acts were arbitrary and capricious. A court may not say that where an official does an act within the permissible limits of his authority, that an act is arbitrary and capricious. See 2 Am.Jur.2d, page 541, Administrative Law, § 671. Though plaintiffs present a situation strongly appealing to this Court's sense of what

is right and just, the appeal for change in the rules, which the Court is bound to follow, must be made to the Legislative Branch of the Government for the Court believes that the proper construction of the applicable provisions of law and the rules and regulations adopted thereunder compels a determination that defendants' motion for summary judgment must be granted and the motion of the plaintiffs for summary judgment must be denied.

It is so ordered.