422 F.2d 866
 Adam WILSON, Plaintiff-Appellant,
v.
Winton M. BLOUNT, Postmaster General of the United States,
et al.,Defendants-Appellees, and State Board of
Social Welfare, Division of Servicesfor
the Blind, Defendant-Appellant.
Joe LOYA and State Board of Social Welfare, Division of
Services for theBlind, Plaintiffs-Appellants,
v.
Winton M. BLOUNT, Postmaster General of the United States,
et al.,Defendants-Appellees.
 No. 127-69.
 United States Court of Appeals, Tenth Circuit.
 March 3, 1970.
 
 Durward K. McDaniel, Washington, D.C., for appellants Wilson and Loya.
 Charles V. Hamm, State Bd. of Social Welfare, Topeka, Kan., for appellant State Bd. of Social Welfare, Div. of Services for the Blind.
 Stephen R. Felson, Dept. of Justice, Washington, D.C. (William D. Ruckelshaus, Asst. Atty. Gen., Robert J. Roth, U.S. Atty., and Alan S. Rosenthal, Atty., Washington, D.C., on the brief), for appellees.
 Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal is from a Judgment of the District Court of Kansas sustaining defendants' motion for summary judgment and overruling plaintiffs' motion for summary judgment. The critical question is whether a blind person operating a vending stand in the Federal Court House in Kansas City, Kansas, pursuant to 20 U.S.C. Section 107 et seq. (commonly known as the Randolph-Sheppard Act) is entitled to enjoin the Postmaster General from removing vending machines located in another federal building and from which the blind person receives income.
 
 
 2
 $1, 2$ Judge Templar sustained subject matter jurisdiction and held that removal of the vending machines did not violate any of plaintiffs' rights vested under 20 U.S.C. Section 107. We have examined the records and briefs and conclude that the judgment of the trial court is clearly right and should be affirmed for the reasons stated in Judge Templar's comprehensive Memorandum of Decision, 309 F.Supp. 263.
 
 
 3
 Judgment affirmed.