409 So.2d 764 (1981)
Howard GUNDY as President of the University of Alabama
v.
Edwin OZIER & Sandra Ozier, et al.
80-272.
Supreme Court of Alabama.
October 2, 1981.
Rehearing Denied February 5, 1982.
*765 Paul E. Skidmore and John F. Tyra, University, for appellant.
Jack Drake of Drake & Pierce, University, Darryl Hardin, Tuscaloosa, Charles A. Graddick, Atty. Gen., and Rosa Hamlet, Asst. Atty. Gen., Montgomery, for appellees.
James A. Turner of Turner, Turner & Turner, Tuscaloosa, Robert R. Humphreys of Hoffheimer, Johnson & Peterson, Washington, D. C., Amici Curiae for American Council of the Blind.
PER CURIAM.
This is an appeal from a judgment for plaintiffs which granted declaratory relief and enjoined the defendant, as President of the University of Alabama, (1) from failing to comply with Code of Alabama 1975, § 21-1-40 et seq., (2) from enforcing certain policies in the awarding of concession operations on University of Alabama property, and (3) from failing to give blind vendor-operators preference over other bidders as provided by statute.[1] The court awarded plaintiffs' attorneys a fee of $13,000 to be paid by the defendant.
Code 1975, §§ 21-1-40 and 21-1-41, give preference to licensed blind persons in the operation of vending machines on state property. Under § 21-1-41, the Vocational Rehabilitation Service (VRS) of the Alabama State Department of Education implements *766 this policy, in cooperation with the Alabama Institute for the Deaf and Blind (AIDB). VRS has developed a Business Enterprise Program (BEP) to perform the authorized functions of surveying possible opportunities for concessionaires, licensing blind vendors, and working with state departments and agencies.
Section 21-1-41(g) requires that
[t]he head of each department or agency in control ... of the state property shall... prescribe a policy designed to assure such preference for such licensed blind persons.
The policy adopted by the University is:
... if all conditions among competing vending bidders are equal, the University will give a "preference" to blind vendor-operators. If blind vendor-operators do not offer in their bids to pay commissions to the University, while other vendors do, then the non-blind vendors will be awarded the bids.
The University receives approximately $50,000 per year from all the vending concessions on its campus. These funds are paid into the Student Welfare Fund to be used for various purposes.
In the fall of 1977, the University of Alabama took bids for operation of a concession stand in its new Law Center. One bid was received from Canteen Services of Central Alabama, which agreed to pay a commission from its receipts to the University, and another was received from BEP, which declined to pay a commission. Under its policy, the University accepted Canteen Services' bid.
Plaintiffs Edwin and Sandra Ozier are blind persons who have received training and have been licensed under § 21-1-41 to operate vending stands. They filed this class action as representatives of licensed blind vending operators against the President of the University. Plaintiffs' complaint alleged a denial of property rights without due process of law and sought an injunction against the defendant for failure to comply with § 21-1-40 and § 21-1-41.
The trial court certified the class, and held that the Oziers had standing to bring the action; that the defendant had failed to comply with the duty imposed upon him by the statute; and that the injunction was due to be granted. The attorneys' fees were awarded under 42 U.S.C. § 1983 and § 1988. From this judgment, the defendant appeals.
We consider this to be a statutory construction case. The dispositive issue is, what is the extent of the preference given in the statute to blind persons? Is it absolute or may an agency prescribe a policy which imposes reasonable restrictions on the grant of the privilege?
The fundamental rule of statutory construction is that a court is under a duty to ascertain and effectuate the legislative intent as expressed in the statute. Darks Dairy, Inc. v. Alabama Dairy Commission, 367 So.2d 1378 (Ala.1979).
The difficulty in construing this statute lies in the fact that the legislature failed to define the preference given.
Another established principle of statutory construction is that legislative grants of rights, powers, privileges, immunities, or benefits should be construed strictly against the claim of the grantee. D. Sands, Sutherland, Statutory Construction, § 63.02 (4th ed. 1974).
We must therefore conclude that the legislature did not intend to grant an absolute preference to blind operators and that the policy established by the defendant is not unreasonable or contrary to the statute.
We find additional support in federal caselaw construing the Randolph-Sheppard Act, 20 U.S.C. § 107 et seq., a federal act analogous to the Alabama statute § 21-1-40, et seq. In Wilson v. Watson, 309 F.Supp. 263 (D.Kan.1968), the plaintiff, a licensed blind vendor, argued that the preference afforded blind vendors under the Randolph-Sheppard Act would prevent the Postmaster General from canceling a lease which the plaintiff held. The Court granted defendant's motion for summary judgment and held that:

*767 The Court does not interpret 20 U.S.C. § 107 so as to give licensed blind persons the exclusive right to operate vending machines in buildings controlled by the Post Office Department.
In another federal case, Cates v. Graves, 281 F.Supp. 951 (E.D.Tenn.1968), the plaintiff-blind vendor sought a mandatory injunction to require the defendant-postmaster to permit the plaintiff to operate a vending machine in the post office. The Court granted defendant's motion for summary judgment, stating:
Executive departments are authorized to prescribe regulations designated to assure preference to blind persons without unduly inconveniencing such department [sic] and agencies or adversely affecting the interest of the United States.
These cases applying the pre-1974 Randolph-Sheppard Act, which used the term "preference," construe the term as something less than a guarantee or an award, recognizing some discretion in the governmental agency.
The last issue concerns attorney fees awarded under 42 U.S.C. § 1988. In view of our holding that the issue was one of state statutory construction, and because plaintiffs are not now prevailing parties, attorney fees will be disallowed.
The judgment is therefore reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES, ALMON, SHORES and EMBRY, JJ., concur.
FAULKNER, J., dissents.
BEATTY and ADAMS, JJ., join in his dissent.
FAULKNER, Justice (dissenting).
This case boils down to the question of whether the Legislature said what it thought, or whether this Court shall tell it what it thought.
The statute gives the blind a preference. It is my opinion that the preference is absolute. Consequently, the University could not establish any "policy" different from that expression of legislative preference.
BEATTY and ADAMS, JJ., concur.
NOTES
[1] We are not here concerned with the proscription of Section 14, Alabama Constitution 1901. Wallace v. Board of Education of Montgomery County, 280 Ala. 635, 197 So.2d 428 (1967); McDowell-Purcell, Inc. v. Bass, 370 So.2d 942 (Ala.1979).